[Civ. No. 35480. First Dist., Div. One. Dec. 9, 1975.]

In re the Marriage of LYDIA R. and KENNETH J. SOMMERS.
LYDIA R. SOMMERS, Respondent, v.
KENNETH J. SOMMERS, Respondent;
MASTERS, MATES AND PILOTS AND PACIFIC MARITIME
ASSOCIATION PENSION PLAN, Appellant.

510

## COUNSEL

Ernst & Daniels, Richard Ernst and Dennis Daniels for Appellant.

Paul Camera for Respondent Wife.

No appearance for Respondent Husband.

## OPINION

**MOLINARI, P. J.**—In this dissolution of marriage proceeding the issue on appeal is whether a pension plan was properly joined as a party in the proceeding and whether the wife was entitled to an order for direct payments from the pension plan. In this proceeding Lydia R. Sommers (hereinafter the "wife") is the petitioner and Kenneth J. Sommers (hereinafter the "husband") is the respondent.

Following the granting of wife's motion that Masters, Mates and Pilots and The Pacific Maritime Association Pension Plan (hereinafter "MMP-PMA") be joined as a party in the dissolution of marriage proceedings the "pension issue" was severed and tried prior to and separately from the remaining issues. The "pension issue" was presented upon allegations by the wife that MMP-PMA was in possession of an asset of community property subject to disposition in the dissolution proceeding

and a prayer that the property rights of the parties be adjudicated so as to bind MMP-PMA as well as wife and husband.

Following the hearing on the bifurcated issue the court entered a judgment that 74 percent of the husband's interest in the pension plan (hereinafter the "Plan") is the community property of the husband and wife, that wife is entitled to 37 percent of any and all payments which would otherwise be payable solely to husband from the Plan; and that if and when pension benefits become due from the Plan to husband, MMP-PMA shall pay directly to wife 37 percent of any and all payments which would otherwise be payable solely to husband. As a part of the judgment the court denied the request of MMP-PMA that it be dismissed as a party to the action. MMP-PMA appeals from this order, i.e., the "Order Granting Modification of Judgment on Bifurcated Issue (Pension Plan)."

The parties stipulated to the following facts: Husband is a covered employee under the Plan to which contributions were made by husband's employer during husband's employment. Husband himself has made no contributions from his salary to the Plan. The Plan provides that when an employee has accumulated 100 "quarters of pension credit" he is entitled to the maximum pension payable. Husband has earned 100 quarters of pension credit, 26 of which were earned prior to his marriage to wife and 74 quarters of which were earned by him while they were living together as husband and wife. Husband is presently eligible to retire with a lifetime pension of $842.64 per month if he were to apply for these benefits. The amount could increase or decrease depending upon the future earnings of husband. No pension benefits are paid as a lump sum. No pension is payable in the event of husband's death prior to retirement. The Plan provides that a pensioner cannot assign, pledge or dispose of his retirement payments, that such pension benefits "shall not in any way be subject to any legal process, that any assignment thereof shall be void and of no effect whatsoever," and that "in the event of any attempt to assign, anticipate, pledge, dispose of or to attach or garnish or subject to bankruptcy or insolvency proceedings," the trustees of the Plan shall have the right to terminate any pension payments. The Plan provides that no pensioner shall have any right or interest in any of the income received or held by or for the account of the pension trust and that no person shall have any vested right to benefits "except through fulfillment of all the conditions and requirements set forth in the documents constituting the Pension Plan and any regulations adopted pursuant thereto." The Plan provides that it shall continue in

effect until terminated by mutual agreement of the parties or upon the happening of two other contingencies and that upon termination the assets of the fund shall be distributed to pensioners whose applications for pensions have been approved upon the basis of actuarial computations and any balance shall be paid to persons who have not qualified for pensions upon a formula delineated in the Plan.

■ MMP-PMA first contends that the statutes and rules governing dissolution proceedings provide no basis for bringing it before the court or for entering any judgment binding upon it.

The joinder of parties in marriage dissolution proceedings is provided for in the California Rules of Court as authorized by sections 4363 and 4001 of the Civil Code.[1] Rule 1250 provides: "Notwithstanding any other rule in this division, the court may order that a person who claims an interest in the proceeding be joined as a party to the proceeding only as provided in this chapter. Except as otherwise provided in this chapter, all provisions of law relating to joinder of parties in civil actions generally apply to the joinder of a person as a party to the proceeding." The word "claimant" is defined as ". . . a person joined or sought or seeking to be joined as a party to the proceeding." (Rule 1251.) Rule 1252, providing for the person who may seek joinder, provides, in pertinent part, as follows: "(a) The petitioner or the respondent may apply to the court for an order joining a person as a party to the proceeding. . . . who has in his possession or control or claims to own any property subject to the jurisdiction of the court in the proceeding."

At the time of the hearing rule 1254, in pertinent part, provided: "(a) The court may order that a person be joined as a party to the proceeding if the court finds that it would be appropriate to determine the particular issue in the proceeding and that the person to be joined as a party is either indispensable to a determination of that issue or necessary to the enforcement of any judgment rendered on that issue. . . ."

Under rules 1252 and 1254 it is clear that a spouse in a marriage dissolution proceeding may join a third person who has in his possession property subject to the jurisdiction of the court in such proceeding. (See *In re Marriage of Dover,* 15 Cal.App.3d 675, 678, fn. 3 [93 Cal.Rptr. 384].)

---

[1] Section 4363 provides: "The court may order that a person who claims an interest in a proceeding under this part [the Family Law Act] be joined as a party to the proceeding in accordance with rules adopted by the Judicial Council pursuant to Section 4001." Section 4001 provides: "Notwithstanding any other provision of law, the Judicial Council may provide by rule for the practice and procedure in proceedings under this part."

■ MMP-PMA contends that even conceding proper joinder, it does not have in its possession or control any of the community property of husband and wife nor does it claim to own any such property. In considering this contention we take cognizance of the following principles: "The right to retirement benefits 'vests' when an employee acquires an irrevocable interest in a fund created by his own contributions and/or the contributions of his employer." (*In re Marriage of Fithian,* 10 Cal.3d 592, 596, fn. 2 [111 Cal.Rptr. 369, 517 P.2d 449].) "The law is settled in California that retirement benefits which flow from the employment relationship, to the extent they have vested, are community property subject to equal division between the spouses in the event the marriage is dissolved. [Citations.]" (*In re Marriage of Fithian, supra,* at p. 596.) When a pension right vests it is "property" subject to the jurisdiction of the court in a marriage dissolution proceeding. (*Phillipson* v. *Board of Administration,* 3 Cal.3d 32, 41 [89 Cal.Rptr. 61, 473 P.2d 765].)

Upon an application of these principles to the stipulated facts there can be no doubt that husband has acquired an irrevocable interest in the Plan. He has a present right to pension benefits which have accrued. MMP-PMA concedes that at the present time if husband applies for a pension it must pay him $842.64 per month. It is equally clear that husband's vested interest can be defeated only by a condition subsequent, i.e., his death. We perceive that under the contingencies therein specified husband will have a vested interest in certain payments to him from the funds held by the Plan. Husband's vested interest is equivalent to the maximum pension payable and is based upon 100 quarters of earned pension credits. Of these, 74 quarters were earned during the marriage of husband and wife and while they were living together as husband and wife. To this extent, i.e., 74 percent, the earned pension credits constitute community property.

As respects MMP-PMA's contention that the federal Employee Retirement Income Security Program (29 U.S.C. § 1001 et seq.) preempts all state laws relating to an employee benefit plan, we need not consider this issue. The effective date of the federal act is January 1, 1975. (29 U.S.C. § 1031.) Accordingly, it would not, in any event, be pertinent to the instant case.

■ We are thus projected to the remaining issue whether wife is entitled to an order for direct payments from the Plan. As already pointed out, the community has a 74 percent interest in the earned pension credits. This right is a vested one. It is contingent, however, upon

husband's election to receive the pension benefits to which he is entitled. The trial court properly determined that one-half of the 74 percent interest in the pension credits should be awarded to wife under her entitlement to one-half of the community property. The trial court did not purport to require MMP-PMA to make any payments to wife but only purported to direct MMP-PMA to pay one-half of the pension benefits to wife only in the event husband should apply for the pension benefits or MMP-PMA shall be required to pay such benefits to husband under the Plan. This order was a proper one and MMP-PMA, over whom the court had jurisdiction to make such an order, may not be heard to complain since it has in its possession a community asset. (See *Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32, 41-49.)

As observed in *Franklin Life Ins. Co.* v. *Kitchens,* 249 Cal.App.2d 623, 629 [57 Cal.Rptr. 652], the authority of a divorce court over community property is no longer limited to a division of the community property but extends to the flexibility of method and timing in the disposition of community property. (See *McClenny* v. *Superior Court,* 62 Cal.2d 140, 148 [41 Cal.Rptr. 460, 396 P.2d 916].) Deferred compensation, accrued pensions, annuities to take place in the future, and social security, veterans' and insurance benefits are well recognized property rights and are properly the concern of courts upon the severance of the marital relationship. (See *Franklin Life Ins. Co.* v. *Kitchens, supra.*) Here the divorce court properly treated the pension rights as property subject to its control, and when it made its order directing MMP-PMA to pay 37 percent of such benefits to wife if and when they became due it was exercising "an authority to control the form of the benefits which was requisite to the effective performance of its judicial duty to divide the community property." (*Phillipson* v. *Board of Administration, supra,* 3 Cal.3d 32, 48.)

The order is affirmed.

Sims, J., and Elkington, J., concurred.