[Civ. No. 16316. Fourth Dist., Div. One. Oct. 13, 1978.]

EDITH J. JOHNS, Plaintiff and Respondent, v.
RETIREMENT FUND TRUST OF THE PLUMBING,
HEATING & PIPING INDUSTRY OF SOUTHERN CALIFORNIA,
Defendant and Appellant.

## COUNSEL

Hill, Farrer & Burrill, Stuart H. Young, Jr., James G. Johnson and Reese L. Milner II for Defendant and Appellant.

Feist, Vetter, Knauf & Loy and Raymond F. Feist, Jr., for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.—** ■ The respondent Edith J. Johns owned one-half of the retirement benefits listed under her husband's name (Civ. Code, § 5105). The retirement benefits were 100 percent community property and were entirely vested. Upon divorce the superior court ordered appellant Retirement Fund Trust to pay one-half the retirement directly to Edith. The former husband does not complain in the appeal but the fund does, saying, under federal preemption, it should pay the benefits solely to the husband, and Edith can take her chances collecting from him.

We find no impediment to the fund sending a monthly check to the half-owner Edith. In this day of computer technology, the burden on the fund to make out two checks and envelopes, rather than one, is insignificant.

Edith has as much right to manage and control the community property as her former husband (Civ. Code, § 5125).

We hold the Employee Retirement Income Security Act of Congress (ERISA) does not preempt California law as applied here in matrimonial matters (*In re Marriage of Fithian,* 10 Cal.3d 592, 597 [111 Cal.Rptr. 369, 517 P.2d 449]; *In re Marriage of Sommers,* 53 Cal.App.3d 509, 515 [126 Cal.Rptr. 220]; see *Cody* v. *Riecker* (E.D.N.Y. 1978) 454 F.Supp. 22; *Stone* v. *Stone* (N.D.Cal. 1978) 450 F.Supp. 919; cf. *Francis* v. *United Technologies Corp.* (N.D.Cal. 1978) 458 F.Supp. 84). The spendthrift features of ERISA are not applicable because Edith is an owner, not a creditor. See Thiede, *The Community Property Interest of the Non-Employee Spouse in Private Retirement Benefits* (1975) 9 U.S.F. L.Rev. pages 635, 650.

Judgment affirmed.

Cologne, J., and Wiener, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1978.