[Civ. No. 18287. Fourth Dist., Div. One. Aug. 16, 1979.]

In re the Marriage of MICAL KATHLEEN and WILLIAM ANTON PILATTI.
MICAL KATHLEEN PILATTI, Respondent, v.
WILLIAM ANTON PILATTI, Respondent;
TRUSTEES OF THE OPERATING ENGINEERS PENSION
TRUST et al., Appellants.

**COUNSEL**

Wayne Jett and Robert Scot Clifford for Appellants.

Ellen Geis and Charles Wolfinger for Respondent Wife.

No appearance for Respondent Husband.

## OPINION

**BROWN (Gerald), P. J.**—The Pilattis were married in July 1966 and separated in December 1974. During part of that period Mr. Pilatti accumulated credits in the pension plan of the Operating Engineers Pension Trust (Trust). The Trust is regulated by the Employee Retirement Income Security Act of 1974 (ERISA). Under the provisions of the plan, benefit payments may be made only to "participants" or, on death, to the surviving spouse, designated beneficiary, or estate.

In September 1975 respondent Mrs. Pilatti filed a petition for dissolution of marriage. Upon learning of her husband's pension benefits, she moved to join the Trustees of the Operating Engineers Pension Trust (Trustees) as a third party to the dissolution proceedings. She alleged Trustees had control of pension funds which were community property and subject to the disposition of the court. In the final judgment of dissolution the superior court ordered the Trustees to pay one-half of the retirement benefits accumulated during the marriage directly to Mrs. Pilatti.

The former husband has not appealed. ■ The appellant Trustees, however, contend under federal preemption (1) this court lacks jurisdiction in the face of the exclusive jurisdiction of the federal courts in matters involving ERISA, and (2) an order instructing the Trustees to pay benefits directly to Mrs. Pilatti violates ERISA and contradicts the provisions of the trust.

As to the issue of jurisdiction, Trustees propound a very literal interpretation of ERISA and its legislative history. Such an interpretation would require the removal to federal court of any case that even remotely concerns an employee's pension rights. This is clearly not what Congress intended.

"(a) A civil action may be brought—

"(1) by a participant or beneficiary—

"'. . . . . . . . . . . . . . . . . . .

"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

"'. . . . . . . . . . . . . . . . . . .

". . . State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section." (ERISA, 29 U.S.C. § 1132.)

In this case, the interpretation and application of specific provisions of ERISA is not involved. This is merely the application of California community property law to an asset which is subject to federal regulation. Mrs. Pilatti's community property claim against her husband's pension trust may impliedly allege rights under ERISA but this does not provide a basis for removal of the claim to federal court (*In re Marriage of Pardee*, 408 F.Supp. 666).

ERISA may be a "comprehensive statutory enactment" with general preemptive provisions but it hardly bestows exclusive jurisdiction on federal courts. Domestic relations, for example, is an area of law traditionally reserved for state regulation, and is peculiarly unsuited to control by federal courts (*Buechold* v. *Ortiz*, 401 F.2d 371). Requiring removal to federal court of a state dissolution proceeding because the marital property includes a federally regulated pension plan is "an intolerable interference with traditional state functions" (*In re Marriage of Pardee, supra*, 408 F.Supp. 666, 669). Numerous California appellate court decisions have distributed pension funds despite the concurrent application of ERISA.

In *Johns* v. *Retirement Fund Trust*, 85 Cal.App.3d 511 [149 Cal.Rptr. 551], this court dealt with the issue. We concluded ERISA does not preempt California community property law as applied to retirement benefits.

This case, like *Johns*, involves retirement benefits which are community property and are entirely vested under California law (Civ. Code, § 5105; *In re Marriage of Fithian*, 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449]). The Pilattis share an equal ownership interest in all this community property and are regarded as tenants in common of such

property on dissolution or separation (*In re Marriage of Brown*, 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561]).

It is a basic premise of California community property law that Mrs. Pilatti earned the retirement benefits, no less than her former husband, as an equal participating partner in their marriage. She is an owner of the benefits by virtue of the community status (*In re Marriage of Johnston*, 85 Cal.App.3d 900 [149 Cal.Rptr. 798]; *In re Marriage of Campa*, 89 Cal.App.3d 113 [152 Cal.Rptr. 362]).

Trustees contend an order directing them to make benefit payments to Mrs. Pilatti conflicts with ERISA in that both the federal statute and specific provisions of the pension plan prohibit "assignment and aliena-tion" of benefits. In California a spouse's claim of ownership does not constitute assignment, attachment or alienation (*Phillipson v. Board of Administration*, 3 Cal.3d 32 [89 Cal.Rptr. 61, 473 P.2d 765]). *In re Marriage of Sommers*, 53 Cal.App.3d 509 [126 Cal.Rptr. 220], involved a similar antiassignment provision contained in a pension plan subject to a community property claim. The court, recognizing the nonemployee spouse's status as an owner, ordered the direct payment of her communi-ty property share to her. In this case, Mrs. Pilatti is also the owner of her share of the retirement benefits. She is not a creditor of her husband but a "participant" in the pension by operation of law. An order requiring the Trustees to pay to Mrs. Pilatti her share of the retirement benefits does not conflict with ERISA.

Such an order is also appropriate in this case.  ■  A court in a dissolution proceeding is empowered to effect a substantially equal division of community property (Civ. Code, § 4800). A pension fund may properly be joined as a party to the action as a means of achieving an equal distribution (*Phillipson v. Board of Administration, supra*, 3 Cal.3d 32; *In re Marriage of Sommers, supra*, 53 Cal.App.3d 509). A pension fund which has been properly joined as a party may be ordered by the court to make payments directly to the nonemployee spouse (*In re Marriage of Johnston, supra*, 85 Cal.App.3d 900).

The burden and potential "harms" to the Trust in requiring it to make benefit payments directly to Mrs. Pilatti are quite insignificant in comparison to California's interest in ensuring she receives that which is rightfully hers.

Trustees contend California cases should be considered in light of the recent United States Supreme Court case of *Hisquierdo* v. *Hisquierdo*, 439 U.S. 572 [59 L.Ed.2d 1, 99 S.Ct. 802]. *Hisquierdo* is distinguishable, however, in that it concerns a nonemployee spouse's right to share in her husband's retirement benefits under the Railroad Retirement Act of 1974 (45 U.S.C. § 231 et seq.).

*Hisquierdo* emphasizes the Railroad Retirement Act provides a total statutory scheme for the maintenance of a retirement fund resembling public welfare. The benefits may be modified, or even terminated, by Congress at any time. The participant cannot be said to "own" any benefits until Congress actually determines that they be paid. ERISA, on the other hand, merely regulates private pension programs to prevent their maladministration (*Stone* v. *Stone*, 450 F.Supp. 919). The Supreme Court in *Hisquierdo* stated in a footnote[1] its holding was not indicative of its view concerning the application of community property law to benefits payable under private pension programs subject to federal regulation.

Judgment affirmed.

Cologne, J., and Staniforth, J., concurred.

On September 6, 1979, the opinion was modified to read as printed above. Appellants' petition for a hearing by the Supreme Court was denied October 11, 1979.

---

[1]"In this case, Congress has granted a separate spouse's benefit, and has terminated that benefit upon absolute divorce. Different considerations might well apply where Congress has remained silent on the subject of benefits for spouses, particularly when the pension program is a private one which federal law merely regulates. See Employee Retirement Income Security Act of 1974, 88 Stat. 829, 29 U.S.C. § 1001 *et seq.* Our holding intimates no view concerning the application of community property principles to benefits payable under programs that possess these distinctive characteristics." (*Hisquierdo* v. *Hisquierdo*, *supra*, 439 U.S. 572, [59 L.Ed.2d 1, 16, 99 S.Ct. 802, 813].)