[Civ. No. 18505. Fourth Dist., Div. One. Oct. 18, 1979.]

In re the Marriage of NANCY LOU and LACY LADEN
FORREST, JR.
NANCY LOU FORREST, Respondent, v.
LACY LADEN FORREST, JR., Appellant.

## Counsel

Michael C. Shea for Appellant.

John C. van Benthem for Respondent.

## Opinion

**THE COURT.\***—Husband Lacy Laden Forrest, Jr. (Lacy) appeals portions of an interlocutory judgment of dissolution which (1) deny him a share in the right of wife Nancy Lou Forrest (Nancy) to reinstate her federal civil service retirement benefits and (2) award Nancy a community property interest in Lacy's military retirement pension. The parties separated after a 15-year marriage.

Before the parties' separation, Nancy worked in the federal civil service system, separated from employment and withdrew her retirement contri-

---

\*Before Brown (Gerald), P. J., Cologne, J., and Focht, J.†

---

†Assigned by the Chairperson of the Judicial Council.

butions. She had the right to reinstate her benefits if she resumed employment with the federal government and redeposited the withdrawn contributions. The amount she must redeposit is $4,846 plus interest of $1,693. At the time of trial she had resumed federal employment and had begun reinstating by means of monthly payroll deductions.

Lacy contends Nancy's present right to purchase the retirement annuity has a value, which can be actuarially calculated, and although he does not seek a lump sum share of that present value, he does claim the trial court should retain jurisdiction so that if Nancy does reinstate all her contributions and eventually begins to draw a pension, Lacy can share in that benefit proportional to the community interest based on nine years of contributions during the marriage. In support of his position he cites cases such as *In re Marriage of Brown*, 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561], and *In re Marriage of Fithian*, 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449], holding a nonvested pension may nonetheless be a community asset subject to retained trial court jurisdiction and eventual division.

■ Here, however, the alleged pension asset is not only not vested, it is in fact nonexistent. Its existence is subject to the condition precedent of Nancy's ability to reinstate some $6,500 of withdrawn contributions. That contingency may not occur, since its fulfillment will depend on Nancy's continued good health, ability to work, and ability to continue reinstating contributions in the face of the inflationary cost of living increases which she undoubtedly must face, in addition to the hazards of chance ill fortune. Further, the community has not been depleted by Nancy's past contributions as would be the case if she had been contributing all along to a nonvested pension, because here she has withdrawn the contributions during the marriage and presumably used them for community purposes. Her present contributions are from her own separate property. There is no authority mandating division of so tenuous an asset as Nancy's right to reinstate a federal pension.

■ Military retirement benefits are subject to division as community property (*In re Marriage of Fithian, supra,* 10 Cal.3d 592; *In re Marriage of Stenquist,* 21 Cal.3d 779 [148 Cal.Rptr. 9, 582 P.2d 96]). *Hisquierdo v. Hisquierdo,* 439 U.S. 572, [59 L.Ed.2d 1, 99 S.Ct. 802] held railroad retirement benefits not subject to community property law on grounds of congressional intent and federal supremacy. That case, however, involved a statutory scheme "for the maintenance of a retirement fund resembling public welfare" and has not been applied to ordinary pension programs.

(See discussion in *In re Marriage of Pilatti*, 96 Cal.App.3d 63, 68 [157 Cal.Rptr. 594] [private pension plan regulated by ERISA].)

The judgment is affirmed.