**CARPENTERS PENSION TRUST FOR SOUTHERN CALIFORNIA, Plaintiff–Appellant,**

v.

**Brenda Ann KRONSCHNABEL, Defendant–Appellee.**

No. 79–3032.

United States Court of Appeals, Ninth Circuit.

Submitted July 23, 1980.

Decided Sept. 29, 1980.

Rehearing Denied Nov. 24, 1980.

---

Charles P. Scully, San Francisco, Cal., Lawrence Teplin, John S. Miller, Jr., Cox, Castle & Nicholson, Los Angeles, Cal., on brief, for plaintiff–appellant.

S. B. Gill, Bakersfield, Cal., on brief, for defendant–appellee.

Before WRIGHT, GOODWIN and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Carpenters Pension Trust for Southern California (the Trust) brought an action for declaratory relief against Brenda Ann Kronschnabel (Brenda), contending that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, prevented the state court from requiring direct payment to a non–participant of a pension plan. The Trust appeals from the district court's order dismissing its action. We affirm.

I

The Trust is an employee pension benefit plan governed by the provisions of ERISA. In 1964, Brenda married Daniel Kronschnabel (Daniel), who, during a portion of their marriage, participated in and earned the right to future retirement benefits from the Trust.

On March 9, 1977, the California Superior Court for Kern County entered a final judgment dissolving the Kronschnabels' marriage. Approving the terms of its interlocutory judgment issued on July 29, 1976, the superior court found that Daniel's pension rights were community property. Accordingly, it awarded Brenda a one–half interest, representing her community property share, in Daniel's pension rights in the Trust. The court further stated that it "reserve[d] and retain[ed] jurisdiction over the issue of the payment of the community property benefits in the Carpenters Pension Trust for Southern California" to both Brenda and Daniel. Although the court denied Brenda's motion to join the Trust as a party to the dissolution proceedings [1], it held that service of a certified copy of its interlocutory decree upon the trust would place the Trust on notice of Brenda's interest in her husband's pension benefits. The parties before us apparently agree that the effect of the state court's order is to require the Trust to pay directly to Brenda a one–half share of Daniel's monthly pension benefits as they become payable.

The Trust brought the instant action in the district court pursuant to ERISA § 502(a)(3)(B)(ii), 29 U.S.C. § 1132(a)(3)(B)(ii), which, in conjunction with § 502(e)(1), 29 U.S.C. § 1132(e)(1), permits a fiduciary of an ERISA–regulated employee benefit plan to sue in federal district court to enforce the provisions of the plan or ERISA. The Trust sought a judgment declaring that ERISA preempts a state–court dissolution order to the extent that it requires the trustee of a pension plan to pay a portion of a participant's [2] pension benefits directly to his or her divorced spouse. The district court held that ERISA preempts neither state community

---

1. It is unclear why the superior court denied Brenda's motion to join the Trust. The motion was denied on September 15, 1976. Nine months earlier, the California Court of Appeal had ruled that existing California joinder rules permitted joinder of a pension plan to a dissolution action when it appeared that the marital community might have an interest in pension benefits. *In re Marriage of Sommers*, 53 Cal. App.3d 509, 126 Cal.Rptr. 220 (1975). Recently enacted provisions of the California Civil Code, effective January 1, 1978, have since established a special procedure for joinder of an employee benefit plan as a party to a dissolution action. *See* Cal.Civ.Code §§ 4351, 4363,

4363.1, 4363.2, 4363.3 (West Supp. 1979). Thus, California law now explicitly provides that employee benefit plans may be joined to dissolution actions.

2. ERISA § 3(7), 29 U.S.C. § 1002(7), defines a "participant" as "any employee or former employee of an employer, or any member of former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit."

property laws nor state–court orders requiring an ERISA–regulated pension plan to pay to an ex–spouse a community property share in the employee spouse's pension benefits.

The Trust concedes that ERISA does not preempt California's treatment of ERISA pension rights that derive from employment during marriage as community property. *Cf. In re Marriage of Brown*, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976) (pension rights, even if not yet vested, are community property). The sole question before us, therefore, is whether a state court may require the trustees of an ERISA–regulated pension plan to pay some portion of pension payments directly to a participant's ex–spouse.

## II

In *In re Marriage of Campa*, 89 Cal. App.3d 113, 152 Cal.Rptr. 362 (1979), *appeal dismissed*, 444 U.S. 1028, 100 S.Ct. 696, 62 L.Ed.2d 664 (1980), the California Court of Appeal held that ERISA does not preempt a state–court order in a dissolution action that requires the trustees of a pension plan to divide pension payments between the employee and his or her ex–spouse. The California Supreme Court denied the pension plan's petition for a hearing. 89 Cal. App.3d at 132, 152 Cal.Rptr. at 362. The plan appealed to the United States Supreme Court. On January 14, 1980, the Supreme Court dismissed the pension plan's appeal for want of a substantial federal question. 100 S.Ct. 696 (1980). We believe that the Court's summary dismissal in *Campa* controls the instant case, and requires us to affirm.

■ A summary dismissal by the Supreme Court of an appeal from a state court for want of a substantial federal question, when the federal question is properly presented and within the Supreme Court's appellate jurisdiction under 28 U.S.C. § 1257(2), operates as a decision on the merits. *Hicks v. Miranda*, 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975). *See also* R. Stern & E. Gressman, Supreme Court Practice 324 (5th ed. 1978); C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure: Jurisdiction § 4014 at 638–39 (1977). The Court has further elaborated that:

> Summary affirmances and dismissals for want of a substantial federal question without doubt reject the specific challenges presented in the statement of jurisdiction and do leave undisturbed the judgment appealed from. They do prevent lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions. . . . Summary actions, however, . . . should not be understood as breaking new ground but as applying principles established by prior decisions to the particular facts involved.

*Mandel v. Bradley*, 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977) (per curiam). *See also Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 182–83, 99 S.Ct. 983, 989–990, 59 L.Ed.2d 230 (1979); *Washington v. Confederated Bands & Tribes of Yakima Indian Nation*, 439 U.S. 463, 476 n. 20, 99 S.Ct. 740, 749 n. 20, 58 L.Ed.2d 740 (1979); *Hawaiian Tel. Co. v. Hawaii*, 614 F.2d 1197, 1198 (9th Cir. 1980) (per curiam).

In applying the foregoing principles to the case before us, we must first examine the jurisdictional statements[3] in *Campa*

---

**3.** Rule 13 of the Supreme Court Rules provides that an appellant must file with the court "a printed statement as to jurisdiction" in support of an appeal. Rule 15 sets forth the required contents of a jurisdictional statement. Among other things, the jurisdictional statement must indicate "[t]he questions presented by the appeal, expressed in the terms and circumstances of the case but without unnecessary detail." Sup.Ct.R. 15, subd. 1(c). Rule 15, subd. 1(c) further provides: "The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein. Only the questions set forth in the jurisdictional statement or fairly comprised therein will be considered by the court." The Court in *Mandel v. Bradley*, 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977) (per curiam) and *Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 182–83, 99 S.Ct. 983,

and determine the precise questions presented in that appeal. The jurisdictional statement in *Campa* set forth the questions on appeal as follows:

1. Do the provisions of Title I of the Employee Retirement Income Security Act, commonly known as ERISA, supersede the provisions of the California community property law and implementing statutes and court rules insofar as they relate to an employee benefit plan covered by that Act?

2. Does a state court have jurisdiction to order the board of trustees of an employee pension benefit plan covered by ERISA to make benefit payments in violation of the provisions of the documents and instruments governing the plan?

Our examination of the opinion of the California Court of Appeal in *In re Marriage of Campa, supra,* convinces us that the jurisdictional statement's description of the questions on appeal was accurate. Thus, in dismissing the *Campa* appeal for want of a substantial federal question, the Supreme Court necessarily considered and rejected the argument that ERISA preempts a state–court order requiring the trustees of a pension plan to divide pension payments between the employee and his or her ex–spouse.

In a brief filed in *Stone v. Stone,* 632 F.2d 740 No. 78–2313 (9th Cir. Sept. 29, 1980), a case consolidated for purposes of briefing and argument with the one presently before us, the Trust contends that the Supreme Court's summary dismissal of the *Campa* appeal is not binding precedent. The Trust points out that on the same day that the court dismissed *Campa* it also denied certiorari in *In re Marriage of Johnston,* 85 Cal. App.3d 900, 149 Cal.Rptr. 798 (1978), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 709, 62 L.Ed.2d 672 (1980), which presented issues identical to those in *Campa,* and took summary action in *Johns v. Retirement Fund Trust,* 85 Cal.App.3d 511, 149 Cal.Rptr. 551

(1978), *appeal dismissed* and *cert. denied,* 444 U.S. 1028, 100 S.Ct. 696, 62 L.Ed.2d 664, 696 (1980). In *Johns,* the court both dismissed the appeal for want of jurisdiction, and, "[t]reating the papers whereon the appeal was taken as a petition for writ of certiorari," denied certiorari. The Solicitor General submitted an amicus curiae brief for the United States in both the *Johns* and *Johnston* cases. In this brief, the Solicitor General observed that both the case presently before us, and its companion *Stone v. Stone, supra,* were before this circuit. The Trust urges that the Supreme Court, having this information, postponed plenary consideration to await a decision by this court resolving the preemption issues. From this speculative premise the Trust argues that the Court did not actually reach the merits in *Campa,* and hence that *Campa* does not bind us here.

■ The flaw in the Trust's argument is that the Court has explicitly stated, in, *e. g., Hicks v. Miranda, supra,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 and *Mandel v. Bradley, supra,* 432 U.S. 173, 97 S.Ct. 2238, 53 L.Ed.2d 199, that *all* dismissals of appeals from state court for want of a substantial federal question are decisions on the merits. While a summary disposition of a state–court appeal may have less precedential effect upon subsequent Supreme Court decisions than would an opinion issued after briefs and argument, *see, e. g., Edelman v. Jordan,* 415 U.S. 651, 671, 94 S.Ct. 1347, 1359, 39 L.Ed.2d 662 (1974); R. Stern & E. Gressman, Supreme Court Practice 327–30 (5th ed. 1978), a summary dismissal for want of a substantial federal question fully binds the lower courts. The *Campa* appeal definitively presented the question whether ERISA preempts state–court orders directing a pension plan to pay a community property share of a participant's monthly benefits to his or her ex–spouse. The Supreme Court has answered

---

989–990, 59 L.Ed.2d 230 (1979), made it clear that the questions presented in the jurisdictional statement largely govern the precedential

effect of a summary dismissal for want of a substantial federal question.

that question in the negative. We are not at liberty to disregard the Court's ruling.[4]

AFFIRMED.

---

4. Counsel for the Trust suggests that the Court's action in *Campa* should be read as a denial of certiorari, which has no precedential value, *see Hawaiian Tel. Co. v. Hawaii*, 614 F.2d 1197, 1198 (9th Cir. 1980) (per curiam), rather than as a dismissal of an appeal. Counsel urges that *Campa* did not uphold the validity of a state statute, *see* 28 U.S.C. § 1257(2) (appellate jurisdiction of Supreme Court over state–court decisions), but instead involved the construction of a "title, right, privilege or immunity" available pursuant to the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1257(3) (certiorari jurisdiction over state–court decisions), and that the Supreme Court was therefore without appellate jurisdiction. We conclude that this argument is unpersuasive. We find it difficult to assume that the Court meant something other than what it specifically said. Further, that the Court dismissed the appeal appears clear from the jurisdictional statement in *Campa*, which made specific reference to the state statutes that authorize a California superior court to order a pension plan to make payments to an ex–spouse of a plan participant.