[Civ. No. 22550. Fourth Dist., Div. One. Mar. 19, 1981.]

EDITH J. JOHNS, Plaintiff and Respondent, v.
RETIREMENT FUND TRUST OF THE PLUMBING, HEATING
& PIPING INDUSTRY OF SOUTHERN CALIFORNIA,
Defendant and Appellant.

COUNSEL

Hill, Farrer & Burrill, Stuart H. Young, Jr., James G. Johnson and Fred T. Ashley for Defendant and Appellant.

Feist, Vetter, Knauf & Loy and Raymond F. Feist, Jr., for Plaintiff and Respondent.

OPINION

BROWN (Gerald), P. J.—The Retirement Fund Trust of the Plumbing, Heating and Piping Industry of Southern California (Fund) appeals an order awarding attorney fees to Edith J. Johns.[1]

The Fund, a pension plan subject to federal regulation under the Employee Retirement Income Security Act (ERISA), 29 United States Code section 1001 et seq., was made a party to the action for dissolution of the marriage of Leroy and Edith Johns. Among the community assets was Leroy's pension, which was entirely community property and fully vested. The superior court ordered the Fund to pay half of each benefit payment directly to Edith. After this court affirmed (*Johns v. Retirement Fund Trust* (1978) 85 Cal.App.3d 511 [149 Cal.Rptr. 551]), the Fund unsuccessfully sought review in the California Supreme Court and the United States Supreme Court. Edith then sought to recover from the Fund the attorney fees she incurred in defending against the Fund's appeal to the United States Supreme Court. The superior court found section 502(g) of ERISA authorized an award of attorney fees and ordered the Fund to pay Edith $2,800 ($2,500 for the proceedings in the Supreme Court and $300 for the motion for attorney fees).

Section 502(g) of ERISA authorizes the court to award attorney fees "[i]n any action under this subchapter by a participant" (29 U.S.C. § 1132(g)). A participant may bring an action in state court "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." (29 U.S.C. § 1132(a)(1)(B), (e)(1)). A

---

[1]The Fund has attempted to appeal both the superior court's order of March 24, 1980, and an earlier order, signed May 1, 1979. The order of May 1, 1979, denied the Fund's motion to tax costs and awarded Edith her costs on the first appeal to this court and the petition for hearing in the California Supreme Court, including $2,500 for attorney fees. The Fund did not file a timely notice of appeal from the May 1, 1979, order, relying on a stipulation and order purporting to extend the time to appeal. The stipulation was ineffective (Cal. Rules of Court, rule 45(c)). Consequently, we lack jurisdiction to review the order of May 1, 1979, and we consider only the order of March 24, 1980.

"participant" is "any employee or former employee . . . or any member or former member of an employee organization, who is or may become eligible to receive a benefit . . . from an employee benefit plan, or whose beneficiaries may be eligible to receive any such benefit." (29 U.S.C. § 1002(7).)

Here Edith is an equal or coowner, under California law, of the pension benefits attributable to her former husband's employment during their marriage (*Johns* v. *Retirement Fund Trust, supra*, 85 Cal.App.3d 511, 513; *In re Marriage of Pilatti* (1979) 96 Cal.App.3d 63, 67 [157 Cal.Rptr. 594]). California community property law treats marriage as a partnership in which each spouse contributes, directly or indirectly, to the accumulation of assets like pension benefits. The nonemployee spouse's coownership of pension benefits earned by employment during marriage flows from his or her contributions to the acquisition of those benefits (*In re Marriage of Pilatti, supra*, 96 Cal.App.3d 63, 67; *In re Marriage of Hillerman* (1980) 109 Cal.App.3d 334, 337-338 [167 Cal.Rptr. 240]). As a coowner of the pension rights who has earned her community interest in them, Edith is as much a "participant" in the pension plan as her former husband. Her action is one to establish and clarify her rights to pension benefits payable under an ERISA-regulated plan. The superior court correctly concluded she is entitled to an award of attorney fees under section 502(g) of ERISA.

■ The Fund also contends the superior court abused its discretion in finding $2,500 was a reasonable attorney fee for opposing the Fund's appeal to the United States Supreme Court. The determination of the actual and reasonable amount of attorney fees is within the discretion of the superior court, and an appellate court may not interfere with that determination unless there has been a clear abuse of discretion (*Fed-Mart Corp.* v. *Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 228 [168 Cal.Rptr. 525]). Among the factors which the court may consider are the novelty and complexity of the issues involved in the case, its own observations of the attorney's skill and the work performed, and the amount of time spent (*Fed-Mart Corp.* v. *Pell Enterprises, Inc., supra*, 111 Cal.App.3d 215, 225-226; *Nevin* v. *Salk* (1975) 45 Cal.App.3d 331, 343 [119 Cal.Rptr. 370]). Here Edith's action against the Fund raised an issue of federal preemption of state law which had not been finally decided by the United States Supreme Court; her attorney spent 58 hours opposing the Fund's appeal to that court; and the superior court had a copy of her successful motion to dismiss the Fund's appeal.

Based on this evidence, the court found a reasonable attorney fee was $2,500. There was no abuse of discretion.

The order awarding $2,800 attorney fees is affirmed. Edith is also entitled to attorney fees on this appeal in an amount to be determined by the superior court.

Cologne, J., and Staniforth, J., concurred.