[Civ. No. 38054. First Dist., Div. Four. July 16, 1976.]

In re the Marriage of MARY J. and DONALD N. HOLMGREN.
MARY J. HOLMGREN, Appellant, v.
DONALD N. HOLMGREN, Respondent.

**COUNSEL**

Mary J. Holmgren, in pro. per., for Appellant.

Roy A. Sharff for Respondent.

## OPINION

**THE COURT.**\*—Mary J. Holmgren (hereinafter "wife") appeals from portions of a decree of marital dissolution.

The parties were married on November 19, 1949, and separated in June 1970. They have two children, one of whom resides with the wife.

At the time of trial the wife's age was 48. She had no occupation, little apparent income and considerable debts. She testified that she suffered from several physical ailments and was also under the care of a psychiatrist. Since 1970 she has been studying as a part-time student, receiving a high school diploma and taking college-level courses. She estimated that she would require at least two and a half years to complete junior college. Shortly after the separation in 1970 the wife sought work through an employment agency; it was recommended that she continue her education. She had apparently made no other efforts aimed at employment, believing that without additional education she would be unable to find "suitable" work.

The husband is a brewery employee, earning a gross monthly income of $1,178 with $334 in monthly deductions; he also receives a monthly $59 government disability pension.

The community property includes a union pension trust valued at $1,344, two life insurance policies—one on the wife's life with a surrender value of $617 and one on the husband's life with a surrender value of $3,825—and a house valued at $44,000 in which the community equity is $39,883. The husband waived any interest in household furnishing and in life insurance policies on each of his children.

The wife appears to contend in a brief prepared in propria persona that the trial court abused its discretion in not reserving jurisdiction to modify its order regarding spousal support payments after 1980. The interlocutory judgment provides that the husband make monthly payments of $150 until May 1, 1980, whereupon the obligation of support will terminate. Under Civil Code section 4801, the trial court would have no jurisdiction to extend or modify such payments beyond that time.

---

\*Before Caldecott, P. J., Christian, J., and Emerson, J.†

---

†Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

The wife's claim to modifiable support after 1980 is raised in the context of her ill health, middle age, unemployment, and lack of past work experience. In *In re Marriage of Rosan* (1972) 24 Cal.App.3d 885, 897 [101 Cal.Rptr. 295], the court reasoned: "Based on the evidence before the court, the real ability of Wife to support herself is completely unknown and a matter of speculation. Considering her lack of experience and training and the many years she has been out of the labor market, the ability of Wife to support herself on a standard approaching the customary living standard of the parties is uncertain. By making an order terminating all spousal support at the end of three years without reserving jurisdiction to extend the period, the trial court put it out of its power to provide any support whatever for Wife after three years even if it should prove after maximum effort on her part she is unable to support herself in a reasonable fashion. (Civ. Code, § 4801, subd. (e).) Under the circumstances of this case that was an abuse of discretion." *Rosan* involved a husband whose income was somewhat higher than in the present case.

*In re Marriage of Dennis* (1973) 35 Cal.App.3d 279 [110 Cal.Rptr. 619], involves a factual situation strikingly similar to that of the present case in respect to the length of marriage, the age of the wife, value of the community property and the income of the husband. In *Dennis,* the wife had no recent work experience, displayed an unwillingness to work and suffered from an eye condition that affected her ability to support herself. Evaluating all these factors, the court held that it was "possible that difficulties not contemplated at this time will frustrate even a good faith attempt by the wife to become wholly or partially self-supporting." (*In re Marriage of Dennis, supra,* at p. 285.) ■ The court went on to state that "after a lengthy marriage a retention of jurisdiction to modify spousal support should be the norm and that the burden of justification is on the party seeking termination." (*Id.,* p. 285.) Here the burden is not met; the court had no assurance that at the end of the five-year period the wife would, with reasonable effort, be able to support herself.

■ The wife contends that she should receive the marital home since it is her only "real security" and that a sale of it is unreasonable under the circumstances and would result in "nothing but loss."

Here the community property consists primarily of the house. The interlocutory judgment directs that the house be sold on June 1, 1977, and that the net proceeds be divided equally between the husband and the wife after adjustment for an equal division of the other community property.

Subdivision (a) of Civil Code section 4800 requires the equal division of community property; subdivision (b) permits the award of "any asset to one party on such conditions as [the court] deems proper to effect a substantially equal division of the property." In the present case the award of the house to the wife would result in a grossly unequal division of the community property.

Here, the wife is financially unable to purchase the husband's share of the house and thus its sale is necessary to divide the property. Contrary to the wife's claim, the sale of the house will not cause hardship since the apportionment of the proceeds, to equalize the parties' shares of the community, will produce for her a substantial sum. It is clear that a court's power under Civil Code section 4800 must include the power to order the sale of the parties' residence when it constitutes the major portion of the community property and neither party is in a position to purchase the share of the other.

The wife argues that she should receive $407 in attorney's fees and costs incurred at trial and on appeal. In May 1970, the wife first requested an order for attorney's fees and court costs; the court reserved the matter until time of trial. At trial, the wife testified that she had dismissed her attorneys but that she owed $105 in fees; she requested that the court order her husband to pay this amount. She appears unable to pay these fees or other legal costs while her husband seems capable of contributing to the payment of such expenses. The trial court failed to decide the issue of her entitlement to fees or costs.

Civil Code section 4370 authorizes a court, in divorce proceedings, to order payment of costs and fees "reasonably necessary" to maintain or defend proceedings before or after judgment; application for an order for costs and fees "may be made without notice by an oral motion in open court." The award of attorney's fees and costs is a matter for the discretion of the court which will not be reversed without a clear showing of abuse. (*In re Marriage of Lopez* (1974) 38 Cal.App.3d 93, 113 [113 Cal.Rptr. 58].) But where the wife has inadequate funds to maintain the case in the trial court or take an appeal, the husband is able to pay a reasonable sum, and neither the initial proceeding nor the appeal are without substantial merit, the trial court commits error in denying any allowance for fees and costs. (Cf. *Norris* v. *Norris* (1942) 50 Cal.App.2d 726, 735 [123 P.2d 847].)

The portions of the decree dividing the community property are affirmed. The other portions of the decree which are appealed from are reversed with directions to reconsider the termination of spousal support, after taking such additional evidence as either party may present. The court will also rule on wife's application for counsel fees.

A petition for a rehearing was denied August 5, 1976, and appellant's petition for a hearing by the Supreme Court was denied September 3, 1976.