Gloria Ann PIERCE, Appellant,

v.

Gary D. PIERCE, Appellee.

No. 51452.

Court of Appeals of Oklahoma,
Division No. 1.

June 19, 1979.

As Corrected On Denial of Rehearing
Sept. 4, 1979.

Certiorari Granted Nov. 28, 1979.

Released for Publication by Order of
Court of Appeals Dec. 27, 1979.

Hughes, Nelson & Blessington by Carl Hughes, Oklahoma City, for appellant.

Robert Leyton Wheeler, Inc., Oklahoma City, for appellee.

ROMANG, Presiding Judge:

On August 31, 1977, the plaintiff wife was granted a divorce from the defendant husband on the ground of incompatibility.

Plaintiff was awarded the custody of their two minor children and defendant was ordered to pay child support at the rate of $150 per month per child, and to pay all reasonable hospital, doctor and dental bills of said children.

Plaintiff was granted a support alimony judgment against defendant for $36,300, payable at the rate of $300 per month.

The trial court made division of the jointly acquired property except for the homestead, which was ordered sold and the proceeds, after payment of all costs of repair and sale, were to be used for payment of sixteen listed debts amounting to $7,187.70. The remaining balance was ordered divided 60% to plaintiff and 40% to defendant.

Plaintiff has appealed and here submits three propositions, which read:

1. The trial court's forced sale of the homestead was beyond the scope of its authority and contrary to law.

2. The trial court abused its discretion in the division of jointly acquired property and alimony.

3. The trial court abused its discretion in awarding $150.00 per month per child for support.

Plaintiff asserts under her first proposition as follows:

The trial court is without power to order the disposition of property absent statutory authority and where such power is conferred by statute, the statutory provisions control. *Kunc v. Kunc*, 186 Okl. 297, 97 P.2d 771 (1940).

\* \* \* \* \* \*

[T]he trial court was without jurisdiction or authority to award the sale of the homestead.

Plaintiff cites *Palmer v. Palmer*, Okl., 465 P.2d 156, as being the case most closely in point with the instant case. In *Palmer*, the trial court vested title to real estate in both parties as cotenants and provided that either might apply for partition within six months. On appeal, the Oklahoma Supreme Court held:

> While the trial court's recognition of the parties' rights to a true division of the property in kind (by mentioning in its decree they might apply for partition in six months) was commendable, it did not afford plaintiff the remedy she insists upon, and is entitled to, under Sec. 1278, supra. As said court erred in not correctly applying that statute to the facts of this case, its decree cannot stand.

Plaintiff also relies on *Blount v. Blount*, Okl., 425 P.2d 474, 478, wherein the opinion reads:

> We have held in *Lawson v. Lawson*, Okl., 295 P.2d 769, and *Kupka v. Kupka*, 190 Okl. 392, 124 P.2d 389, that in making a division of real property in a divorce decree, there must be a complete "severance of common title" and the portion awarded each spouse must be free from all claims and domination by the other spouse.

Defendant contends that the order of the trial court ordering the homestead to be sold is, in effect, no different than the granting of a lien on the homestead as authorized in *Lawson v. Lawson*, Okl., 295 P.2d 771. Therein, the opinion reads:

> To comply with the statute, the entire title with right of possession to part of the property should have been given to one and the entire title with right of possession to the remainder should have been given to the other. Neither should have been required to account to the other for what he or she did with the property or the income derived therefrom. If one party thereby was awarded property in excess of what the trial court thought he or she was equitably entitled to, a lien could be established thereon securing the payment of such sum as the court thought necessary to adjust the equities. In other words, the property awarded to each should be free from the claims or domination of the other.

12 O.S.Supp.1976, § 1278, which was in effect when the instant case was decided, reads:

> As to such property, whether real or personal, which has been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereto. . . .

In 24 Am.Jur.2d § 931, p. 1062 it is stated:

> In the absence of a specific statutory provision for disposing of homesteads in a divorce proceeding, the matter will be governed by the general rule or statute governing the disposition of the property of the parties generally. Even though a statute authorizes the court to award the right to occupy the homestead, it may also order a sale of the homestead, and it is proper to order such a sale where the parties have a large amount of bills, and the husband is practically insolvent, and it seems necessary to sell the property to pay the bills and preserve his employment.

In *Ruprecht v. Ruprecht*, 255 Minn. 80, 96 N.W.2d 14 (1959), the Supreme Court of Minnesota upheld the trial court's order in a divorce action that the homestead be sold, and that the proceeds of sale be applied

toward debts of the parties, including their attorneys' fees. See also *Latus v. Latus*, 163 Mont. 315, 517 P.2d 356 (1973), and *Holmgren, In re,* 60 Cal.App.3d 869, 130 Cal.Rptr. 440; *Williams v. Williams*, Okl., 428 P.2d 218.

Here, it is apparent that neither party is capable of purchasing the other's share of the homestead. In this instance the only equitable solution was to order the jointly acquired homestead sold, the marital debts paid, and the balance divided between the parties as the trial court has ordered. By selling the homestead, the common title of the parties will be severed. The balance, after payment of debts, will be divided in kind with plaintiff receiving 60% of the money free from any claim or dominion by defendant.

The trial court has inherent authority under § 1278, *supra*, to order the jointly acquired homestead sold, the marital debts paid, and the balance of the money divided between the parties, or used to pay their attorneys' fees and other expenses of their divorce action.

■ . Plaintiff's second proposition is that the trial court abused its discretion in the division of jointly acquired property and alimony. Plaintiff asserts that the trial court made virtually no effort to make an equal division of property. On the other hand, defendant asserts that under the decree plaintiff will receive property and/or cash approximating $27,952.38 while defendant will receive approximately $22,-319.92 of the entire marital estate.

In *Peters v. Peters*, Okl., 539 P.2d 26, cited and relied upon by plaintiff, the Supreme Court of Oklahoma held:

The trial court has wide discretion as to property division in divorce proceedings. *Durfee v. Durfee*, 465 P.2d 161 (Okl.1969). An action for divorce, alimony and division of property is one of equitable cognizance and the trial court's judgment will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence. In a divorce action the trial court is vested with discretion in making a division of jointly acquired property and in granting of alimony. In absence of abuse of discretion judgment of trial court making a division of such property and awarding or denying alimony will not be set aside upon appeal. *Miller v. Miller*, 456 P.2d 113 (Okl.1969).

In the present case, neither the Decree of Divorce, nor the partial record before us, reveals any abuse of discretion on the part of the trial court with respect to the division of property or the award of support alimony and child support. We therefore affirm the Decree of Divorce in its entirety.

During the pendency of this appeal, there has been an outstanding Order of the Oklahoma Supreme Court whereby defendant was directed to pay $150.00 per month as temporary alimony, with a provision that upon merits adjudication such payments could be credited against the alimony award made by the trial court. We find that all such payments should be credited against the $36,300.00 support award.

Each party is ordered to pay her or his own attorney fee and expenses in connection with this appeal.

This case is remanded to the trial court for enforcement of its order for the sale of the homestead, payment of the marital debts, and division of the net balance, all of which the trial court may enforce by contempt proceedings, if necessary. The trial court is further directed to determine the amounts paid by either party on the home mortgage and/or other marital debts since the Decree of Divorce was entered, and to have proper reimbursement made from the proceeds of sale of the homestead. In addition, the party living in or collecting the rents from the homestead since this divorce was. granted, shall be held accountable for a reasonable rental thereof to be determined by the trial court, and the other party shall be entitled to one-half of such rental value. Payment of same may be enforced by the trial court if necessary.

AFFIRMED AND REMANDED WITH DIRECTIONS.

REYNOLDS and BOX, JJ., concur.