[Civ. No. 56997. Second Dist., Div. Four. Aug. 29, 1980.]

In re the Marriage of NAOMI and RICHARD ROME.
RICHARD ROME, Respondent, v.
NAOMI ROME, Appellant.

**COUNSEL**

Piantadosi & Bagby and Richard N. Piantadosi for Appellant.

Wasserman & Comden, Steve K. Wasserman and Mark Roth for Respondent.

**OPINION**

**WENKE, J.*—**Richard and Naomi Rome were married for over 32 years. Incident to an interlocutory judgment of dissolution of marriage they stipulated to spousal support in the amount of $1,000 per month. Approximately three months thereafter Richard sought a reduction solely on the basis of having lost his job. After a hearing, spousal support was reduced to $100 per month. This reduction was predicated

---

*Assigned by the Chairperson of the Judicial Council.

entirely on Richard's change of circumstances. In addition, the court established a sliding scale of future spousal support payments to Naomi commensurate with future increases in Richard's income. The court did not allow attorneys' fees to Naomi. She has appealed, objecting to the reduction, the schedule for future payments, and the denial of fees.

At the time of the interlocutory judgment Richard had been a successful commission salesman of a specialty product for the same firm for many years, grossing approximately $50,000 per year. He was terminated on July 26. The order to show cause re modification was heard on October 4. At that time, his income, for the most part unemployment compensation, was $483 per month.

According to Richard, and his testimony was undisputed, he was fired without just cause. At the hearing, he testified that he was currently maintaining an office and looking for work. Richard, whose field of expertise was highly specialized, testified that he was well regarded within the industry and felt it was not in his best interests to accept the offers that had come his way in that they were from, as he described them, "fly-by-night" companies. However, at the time of the hearing he had what he considered a good opportunity, incident to which the merchandise would not be available until December.

At the conclusion of the hearing, counsel for Naomi requested the court to make an interim order and continue the hearing for 90 days. This request was denied.

■ Spousal support must be determined according to the needs of both parties and their respective abilities to meet these needs. (*In re Marriage of Cobb* (1977) 68 Cal.App.3d 855, 861 [137 Cal.Rptr. 670].) In this regard, a trial court has broad discretion and an abuse thereof only occurs when it can be said that no judge reasonably could have made the same order. (*In re Marriage of Norton* (1976) 71 Cal. App.3d 537, 541 [139 Cal.Rptr. 728].)

■ In the instant case, the record reveals that not only was the respondent husband unemployed at the time of the hearing but also that the appellant was not destitute in that she was possessed of assets. While this might lead us to conclude that the order, which was interim in the sense that a sliding scale schedule provided for increased pay-

ments to Naomi in the event of enhanced future earnings on the part of Richard, was within the court's discretion, the matter is not so easily resolved.

Richard had left Naomi and was living with another woman who apparently had substantial earning power. He also had assets as a result of the division of community property which he was using as a source of support. With respect to his termination, he testified, in effect, that there was no good cause for same. The court obviously accepted this explanation and, as is clear from the nature of its order, respondent's good faith.

Appellant contends the award of spousal support should be based on respondent's ability to earn as distinguished from his actual income. (*Philbin* v. *Philbin* (1971) 19 Cal.App.3d 115, 121 [96 Cal.Rptr. 408].) However, as the court in *Philbin* pointed out, the application of this concept is dependent upon a showing that husband is, in effect, acting in bad faith by either refusing work or engaging in other conduct designed to reduce his income. While the evidence adduced at the hearing was not sufficient to invoke *Philbin*, certainly it was sufficient to at least cause the court to entertain some doubt about the genuineness of respondent's efforts.

Considering then, these circumstances, in the context of the court's refusal to continue the matter for 90 days so that respondent's efforts to find work could be reassessed and, perhaps, other evidence on this issue adduced, the effect of the court's order establishing a sliding scale schedule of payments contingent upon respondent's earnings was to deny appellant the opportunity to invoke the rule of *Philbin*, that is, that under certain circumstances, an obligation to support can be based on ability to earn rather than actual earnings. The order of the court left the matter of support, aside from the question of a change in appellant's circumstance, entirely in the control of respondent. The very real potential for injustice to a recipient spouse inherent in an order providing a schedule for a sliding scale as to spousal support, especially where the husband's earnings are entirely based on commission, as contrasted with a salary, constitutes, in our opinion, an abuse of discretion.

■ With respect to Naomi's request for attorneys' fees, while Civil Code section 4370 authorizes same where "reasonably necessary" to maintain or defend proceedings before or after judgment, it is a matter for the discretion of the court which will not be reversed without a clear

showing of abuse. (*In re Marriage of Holmgren* (1976) 60 Cal.App.3d 869, 873 [130 Cal.Rptr. 440].) Attorney's fees are not a matter of right but, rather, the need therefor must be demonstrated. (*In re Marriage of Mulhern* (1973) 29 Cal.App.3d 988, 995 [106 Cal.Rptr. 78].) Appellant did not testify and it is clear from the record that she was possessed of assets, though of an indeterminate value. In any event, the status of the record is such that we cannot say there was a clear showing of abuse as to the denial of attorney's fees.

The order appealed from is reversed and the trial court is instructed to vacate its orders of October 4, 1978, and October 10, 1978, to reset this matter for hearing, and to resolve the order to show cause re modification consistent with the principles enunciated herein.

Files, P. J., and Kingsley, J., concurred.