(129 So. 799)

**WILKERSON et al. v. GALLAHAR.**

7 Div. 726.

Court of Appeals of Alabama
Aug. 19, 1930.

Rutherford Lapsley, of Anniston, for appellant.

Blackmon & Carter, of Anniston, for appellee.

SAMFORD, J.

The suit was originally brought by Lon Wilkerson, husband of Lucy Wilkerson, deceased, against the Southern Life & Health Insurance Company, as defendant, on a policy of life insurance issued by defendant and insuring the life of Lucy Wilkerson. The beneficiary originally named in the policy was Lon Wilkerson, the husband of deceased, but the policy contained a clause as follows:

"The beneficiary named herein may, at the request in writing of the insured, be changed with the consent of the Company, evidenced by endorsement of such change made on this policy, and signed by the President or Secretary of the Company, but no attempted change of beneficiary shall be binding on the Company unless such endorsement be made as herein provided."

The beneficiary under the policy was changed 7—22—28, as evidenced by indorsement on the policy and signed by W. R. Lathrop, secretary; the said Lathrop being secretary and treasurer of the company. Under the change, William C. Gallahar was named as beneficiary. The defendant company admitted liability under the policy, and suggested Lon Wilkerson, Mrs. W. C. Gallahar individually and as administratrix, as claimants of the proceeds, and paid the money into court. Issue was made up by the court, and on issue joined the issues were found in favor of the claimant, Mrs. Gallahar, and judgment was rendered accordingly. Omitting the policy of insurance, not necessary to be set out in full, the facts agreed to were as follows:

"My name is Lon Wilkerson. I was the husband of Lucy Wilkerson at the time of her death. She died on the 2nd day of August, 1929.

"I know about the policy sued on being issued sometime in the year 1927; the paper which you now hand me is the original policy.

"Here the plaintiff offered in evidence an agreed statement of facts in words and figures as follows, to wit:

"In this cause it is agreed that the attached instrument marked 'Exhibit A,' is the original policy on the life of Lucy Wilkerson, deceased, issued by Southern Life & Health Insurance Company, upon which the sum of Three Hundred Sixty-five and 00/100 ($365.00) Dollars has been deposited with the Clerk of this Court by the said Insurance Company, admitting liability under said policy, with the said Company's interpleader in the cause; and that the genuine signature thereon appears in the endorsement on the page of said policy as follows:

" 'Beneficiary changed to William C. Gallahar 7/22/28, W. R. Lathrop, Secretary'; and that the consent of the company to the change in beneficiary as so endorsed, was made on said date; and it is further agreed that Lon Wilkerson was the original beneficiary named in the policy, though by mistake his name is written 'Lou Wilkerson,' which is a clerical error in writing his first name:

"W. C. Gallahar was not related in any way to my wife, Lucy Wilkerson, neither by blood or marriage. I saw her body after she was killed, she is dead.

"It was agreed between the Claimants of Record that Lon Wilkerson was the duly qualified executor of Lucy Wilkerson and acting as such in this suit and that Mrs. W. C. Gallahar was the duly qualified executrix of W. C. Gallahar and was acting in her official capacity as such in the suit.

"The foregoing was all the evidence in the cause and all that the evidence tended to show."

There is no evidence in this case of fraud or duress and no evidence tending to prove that the facts are otherwise than above stated.

The public policy which forbids one having no insurable interest to take out insurance on the life of another, with himself as the beneficiary, does not prevent one who himself procures insurance on his own life from naming as beneficiary another who had no insurable interest. In Afro-Am. Life Ins. Co. v. Adams, Mr. Justice Sayre says: "The cases are unanimous to the effect that one has an unlimited insurable interest in his own life, and therefore that one may take out a policy on his own life and make it payable to whom he will." Afro-American Life Ins. Co. v. Adams, 195 Ala. 147, 70 So. 119, 120; 1 Cooley's Briefs, pp. 252 and 253.

In the absence of evidence tending to disclose equities in a beneficiary named in a policy of life insurance, and the policy contract reserves the right in the insured to change the beneficiary, the beneficiary named acquires no vested interest in the proceeds until the death of the insured, and, upon a compliance with the terms of the policy, the insured may change the beneficiary at will. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554. Ordinarily, a beneficiary named in a policy of life insurance has a mere expectancy, subject to change without notice by the insured. McDonald v. McDonald, 215 Ala. 179, 110 So. 291.

Under the facts of this case, the court, at the request of claimant, in writing, gave in her behalf the general affirmative charge. Under the authorities as we find them, we find no error in this action of the court.

On submitting the case to the jury, the court instructed them as follows:

"Gentlemen of the Jury, this case goes off on a question of law. The facts are not in dispute. It is not disputed in this case that Mrs. Lucy Wilkerson had a life insurance policy, and it is not disputed that the first beneficiary under this policy was her husband, and it is not disputed that she changed this beneficiary to one W. C. Gallahar, and it is not disputed that Mrs. Lucy Wilkerson is dead and the money is now paid into court by the insurance company, so it becomes a question of law gentlemen for me to decide whether or not she had a right to change this beneficiary from her husband to her paramour, or alleged paramour, W. C. Gallahar, and I have decided that she did have that right, and as I say, it is only a question of law for the court to decide, and I give you this charge,—if you are reasonably satisfied from the testimony or if you believe just what I have stated to you, that is all you have got to do, if you believe that she had a policy and if you believe that her husband was the first beneficiary and she changed that beneficiary to W. C. Gallahar and you believe she is dead, then it will be your duty to sign this verdict,—that is all you have got to believe, and believe the evidence, and that is the evidence, and that is what I submit to you, and the charge reads, 'The court charges the Jury if you believe the evidence you will find the issues in favor of Mrs. W. C. Gallahar, as administratrix of W. C. Gallahar, deceased.' So that is the only thing you have got to do, if you believe the state of facts that I have stated to you, then it will be your duty to sign this verdict,—'We, the jury find the issues in favor of Mrs. W. C. Gallahar, deceased, in the sum of $365.00, now in court.' "

Serious exception is taken to this charge of the court. Under section 9507, Code

1923, the trial judge may state to the jury the law of the case and may also state the evidence, but may not charge on the effect of the evidence unless required to do so by one of the parties. The affirmative charge having been requested in writing, the charge of the court in this case does not violate this rule. To make clear the meaning of the action of the court in giving the written charge, it was not error for the court to state to the jury the undisputed facts and what the giving of the written charge really meant. The charge was given with the proper hypothesis that the jury must believe the evidence, which, in the absence of any testimony tending to impeach, it was their duty to do. If, after giving the charge, the jury should have returned a verdict for plaintiff, the court should, and doubtless would, have set such verdict aside on proper motion. Under the facts as disclosed by this record, we see no occasion to criticize the trial court in making plain to the jury the meaning of the written charge which was given. Kinney v. Cullman County F. Bureau, 217 Ala. 569, 117 So. 189.

We find no error in the record, and the judgment is affirmed.

Affirmed.