[Civ. No. 56395. Second Dist., Div. Four. Apr. 23, 1980.]

In re the Marriage of DOROTHY MAE and ROGER L. MANTOR.
ROGER L. MANTOR, Respondent, v.
DOROTHY MAE MANTOR, Respondent;
OPERATING ENGINEERS TRUST FUND, Appellant.

COUNSEL

Wayne Jett and Robert Scot Clifford for Appellant.

No appearance for Respondent Husband.

Joseph A. Hackett for Respondent Wife.

OPINION

WONG, J.*—Petitioner (Husband) and respondent (Wife) were married on September 6, 1939. On April 28, 1977, Husband filed a petition for dissolution of marriage. Thereafter, at the request of Wife, the court joined as a party the Operating Engineers Trust (Trust).

The Trust is an express joint labor management trust established pursuant to collective bargaining agreements between various employees and employers groups. The Trust is governed by and complies with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA).

---

*Assigned by the Chairperson of the Judicial Council.

Under the rules of the Trust, payment of benefits may be made only to a participant in the pension plan or, upon the participant's death, to his surviving spouse or his designated beneficiary, heirs or estate.

After trial, but before a decision was rendered by the court, Husband and Wife entered into a written stipulation as follows: "Respondent shall receive for and on account of her community interest in the Petitioner's pension plan with The Operating Engineers Trust Fund, a monthly sum of $65.76 to be paid to Respondent directly from said trust fund. During his life, Petitioner shall receive the balance of such monthly payments as his sole and separate property. In the event of Petitioner's death, Respondent shall receive, as her sole and separate property, any and all sums remaining in said Trust Fund."

Pursuant to the stipulation, the court in its interlocutory judgment provided in part as follows: "Operating Engineers Trust Fund is hereby ordered to pay Respondent, the monthly sum of $65.76 commencing Sept. 1, 1978, and payable within each and every month thereafter until said Trust Fund is depleted, or upon the death of Petitioner. During his life, Petitioner shall receive the balance of each such monthly payment from his pension plan as his sole and separate property.

"In the event of Petitioner's death, Respondent shall receive as her sole and separate property, the remainder of any sums of money left in said Operating Engineers Trust Fund."

Thereafter, the Trust filed a motion to set aside the above provisions of the interlocutory judgment, which the court denied. The Trust has appealed from the order denying its motion.

The following issues are raised by this appeal:

1. Does a state court have jurisdiction, in a family law matter, to order a private pension plan, governed by the provisions of ERISA, to disburse funds to a nonparticipant spouse?

2. Does ERISA preempt California community property law insofar as the law provides a nonparticipant spouse an interest in an employee benefit plan?

3. Does ERISA prohibit the trial court's order that the Trust pay benefits directly to the Wife?

4.   Do ERISA and California law prohibit the trial court's order granting the Wife the right to receive benefits from the Trust after the Husband's death?

The first three issues raised by this appeal have been recently decided in the following three cases: *Johns v. Retirement Fund Trust* (1978) 85 Cal.App.3d 511 [149 Cal.Rptr. 551]; *In re Marriage of Johnston* (1978) 85 Cal.App.3d 900 [149 Cal.Rptr. 798]; and *In re Marriage of Campa* (1979) 89 Cal.App.3d 113 [152 Cal.Rptr. 362].

■   These three cases specifically hold that state courts do have jurisdiction, in family law matters, to order a private pension plan, governed by the provisions of ERISA, to disburse funds to a nonparticipant spouse. In *Johnston*, the court, in discussing the impact of ERISA on state law, stated: "We have concluded that Congress did not intend to interfere with a state court's jurisdiction over distribution of marital property." (*In re Marriage of Johnston, supra*, 85 Cal.App.3d at p. 906.)

■   These cases also establish that ERISA does not preempt California community property law insofar as the law provides a nonparticipant spouse an interest in an employee benefit plan, nor does it prohibit a California court from ordering a pension trust to pay benefits directly to a nonparticipant spouse. In this regard, the court in *In re Marriage of Campa, supra*, 89 Cal.App.3d at page 124, stated: "Thus, California law as applicable to the cases before us is concerned with effectuating a fair division of the monthly pension check between the former spouses. This concern plainly has no bearing on the effort of Congress, embodied in ERISA, to assure genuine pension rights. To ask a pension plan to send two monthly checks instead of one does not interfere with any of the Congressional objectives. It is, in fact, consonant with the objective of assuring that the members of the family receive the pension which they anticipated. We cannot find in ERISA or its extensive legislative history an unmistakable ordaining or 'clear and manifest purpose' to prevent states from achieving this simple and sensible aim in their domestic relations proceedings. (*Jones v. Rath Packing Co., supra*, 430 U.S. 519; *Ray v. Atlantic Richfield Co.* (1978) 435 U.S. 151 [55 L.Ed.2d 179, 98 S.Ct. 988, 994]; *Stone v. Stone, supra*, 450 F.Supp. 919.)"

We are of the opinion that the trial court in this case had jurisdiction to apply California community property law in determining the respec-

tive interests of Husband and Wife to the benefits payable by the Trust and to order the Trust to pay directly to Wife the benefits to which she was entitled.

■ The remaining issue to be discussed is that part of the interlocutory judgment providing that Wife, upon the death of Husband, shall receive as her sole and separate property the remainder of any sums of money left in the Trust.

It is to be noted at the outset that the said provisions appeared in the judgment because of a stipulation between Husband and Wife, in which he was in effect naming her as beneficiary. The rules under which the Trust is administered provide that upon the death of the participant, payment of benefits may be made to his surviving spouse or *his designated beneficiary*, heirs or estate (arts. IV and VI, the Operating Engineers Pension Plan). In this case, the Husband, as a participant in the Trust, named his former spouse as his designated beneficiary. Husband and Wife, each being represented by counsel, have agreed upon such a disposition of the funds in the Trust, and both are satisfied with their bargain. Only the Trust has appealed from the order.

We affirm the order denying the motion of the Trust to set aside the provisions of the interlocutory judgment which pertain to the Trust. The said provisions do not in any way affect the integrity of the Trust. The court has merely ordered the Trust to pay whatever funds remain after the death of the Husband to his designated beneficiary, his former Wife. Such payments will be made in accordance with the rules under which the Trust is administered, with respect to amount and manner of payment. On the other hand, the funds in the Trust will be divided in accordance with the wishes of the participant in the Trust and his spouse, and the marriage dissolution judgment will conclusively resolve the problem of the distribution of the funds by the Trust.

Inasmuch as the Wife is entitled to payment from the Trust after the death of the Husband because of a stipulation and not because of any finding by a court that the Wife had any vested rights in her Husband's pension plan, the cases cited by appellant, holding that a wife's vested rights in her husband's pension plan is limited to amounts payable to him while he is living, are not applicable. (*Benson* v. *City of Los Angeles* (1963) 60 Cal.2d 355 [33 Cal.Rptr. 257, 384 P.2d 649]; *Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32 [89 Cal.Rptr. 61, 473

P.2d 765]; *Waite* v. *Waite* (1972) 6 Cal.3d 461 [99 Cal.Rptr. 325, 492 P.2d 13].)

The order denying appellant's motion to set aside the provisions of the interlocutory judgment pertaining to the Trust is affirmed.

Kingsley, Acting P. J., and Woods, J., concurred.

A petition for a rehearing was denied May 21, 1980.