[Civ. No. 67466. Second Dist., Div. Four. Aug. 24, 1983.]

In re the Marriage of HELMA and JAMES B. LORENZ.
HELMA LORENZ, Appellant, v.
JAMES B. LORENZ, Respondent.

COUNSEL

Gassner & Gassner and Lawrence M. Gassner for Appellant.

J. Patrick Conroy for Respondent.

OPINION

**SCHNEIDER, J.**\*—Helma Lorenz (hereinafter wife) appeals from a judgment of dissolution of her marriage to James B. Lorenz (hereinafter husband). The issues raised by appellant do not necessitate an elaborate recitation of the facts. Suffice it to say that the marriage of the parties was dissolved on November 25, 1981. Petition for dissolution had been filed by wife in March 1980 and issues of property and support rights were resolved by the lower court following a trial.

Wife raises the following issues on appeal:

1. The court should have determined that the term life insurance policies, on the life of husband, were a community asset, subject to division.

2. The court abused its discretion in its award of spousal support.

3. The court erred in not evaluating and dividing husband's vacation benefits.

I

Appellant's first and third contentions both concern the power of the trial court to divide assets which have no economic value. Those issues will both be discussed under this first rubric. As to the first asset, husband is the named insured under two policies of life insurance, one issued through the Veterans Administration and one through his employment. They have a face value of $10,000 each, and both are term policies. The court found: "Any life insurance policies on respondent's life are found to have no cash value."

As to the second asset, wife contends that the trial court should have determined that husband's accrued vacation pay was an asset subject to

---

*Assigned by the Chairperson of the Judicial Council.

division.[1] The record does not reflect that appellant was entitled to any accrued vacation pay. Rather, he testified that he had accumulated 120 hours of vacation time, but that if it was not used, he would not be paid for it.

■ "It is well established that the word 'property', as used in the statutes relating to community property, does not encompass every property right acquired by either husband or wife during marriage, . . ." (*In re Marriage of Aufmuth* (1979) 89 Cal.App.3d 446, 461 [152 Cal.Rptr. 668]. Rather, it is implicit in the scheme of community property laws that property have certain attributes—that it be susceptible of ownership in common, of transfer, and of survival. (*Franklin* v. *Franklin* (1945) 67 Cal.App.2d 717, 725 [155 P.2d 637].)

We recognize that certain intangible assets are property under community property statutes. (See for example, *In re Marriage of Brown* (1976) 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164]: nonvested pension rights; *In re Marriage of Forrest* (1979) 97 Cal.App.3d 850, 852 [159 Cal.Rptr. 229]: contingent retirement benefits; *In re Marriage of Mantor* (1980) 104 Cal.App.3d 981 [164 Cal.Rptr. 121]: ERISA retirement benefits.) However, each of those assets, although intangible, was acknowledged to have economical monetary value. In order to qualify as property, within the meaning of our community property laws, an asset must be "of such a character that a monetary value for division with the other spouse can . . . be placed upon it." (*Todd* v. *Todd* (1969) 272 Cal.App.2d 786, 791 [78 Cal.Rptr. 131].)

■ No such monetary value can be placed upon the assets claimed here by wife. The mere fact that these assets are of benefit to husband does not compel the conclusion that that benefit must, or can, be divided. We imagine that there are many "assets" held by a spouse at the time of marriage, particularly those arising out of employment, which are not subject to division. For example, an employee may be entitled to use the facilities of a health club owned by his employer, to purchase meals at an employer-owned cafeteria at reduced prices, or to receive a discount for purchases made at an employer-owned retail establishment. An employee may be given the privilege of choosing to work four 10-hour days per week rather than five 8-hour days per week, thus entitling him or her to a three-day weekend. All of these benefits, although of value to the employee spouse, are not

---

[1] Appellant cites and relies on *Hewett* v. *Hewett* (Cal.App.). In December 1979, the California Supreme Court directed the Reporter of Decisions not to publish this opinion in the official reports. Citation thereto is, therefore, improper. (Cal. Rules of Court, rule 977.)

convertible into cash. They are therefore, not divisible on dissolution of the marriage.[2]

In many California cases, courts have recognized the value of whole life insurance as its cash surrender value, and have divided that value when the policy was determined to be community property. (See for example, *In re Marriage of Holmgren* (1976) 60 Cal.App.3d 869, 871 [130 Cal.Rptr. 440]; *Brawman* v. *Brawman* (1962) 199 Cal.App.2d 876, 878 [19 Cal.Rptr. 106].) However, unlike whole life insurance, term life insurance is generally accepted as having no value, since once its term has expired it is worthless. (Markey, Cal. Family Law, Practice and Procedure, § 24.45 [3][e] p. 24-25; Hogoboom, Cal. Basic Practice Guide, Family Law, § 8:313.)

Appellant relies on a series of cases which have found a community interest in life insurance, even term insurance, on the death of the insured. In those cases, the courts have held that the proceeds of insurance, whether term or otherwise, then payable, were community property, to the extent that premiums thereon were paid from community funds. (See for example, *Biltoft* v. *Wootten* (1979) 96 Cal.App.3d 58 [157 Cal.Rptr. 581]; *Patillo* v. *Norris* (1976) 65 Cal.App.3d 209 [135 Cal.Rptr. 210].) Those cases do not support the proposition asserted by wife here: that the term policy itself, at the time of dissolution of a marriage, has a value which can then be divided. The proceeds or benefits of the policy, of course, have a value. However, until those benefits are payable, the policy itself is worthless.

The parties cite no California cases addressing the divisibility of term life insurance, and our research has discovered none. Nonetheless, we are persuaded that the trial court properly ruled that the policies of term life insurance were not property subject to division on dissolution of the marriage.

Likewise, the trial court properly concluded that appellant's accumulated vacation time was not an item of community property subject to division.

## II

■ Wife contends that the trial court abused its discretion in awarding spousal support unaccompanied by a requirement that husband maintain medical insurance for her benefit. She correctly asserts that she established at trial considerable medical needs. The court's recognition of this fact is

[2]These benefits, although not divisible as community property, may be considered by the trial court as they may impact other issues: i.e., spousal support, custody and visitation rights.

reflected in the following finding: "Petitioner is found to be presently unemployed and chronically ill." It does not follow, however, that the court abused its discretion in not ordering husband to purchase medical insurance for the benefit of wife.

Early in the dissolution proceedings, on April 29, 1980, the trial court entered an order on wife's order to show cause, compelling husband to pay to wife the sum of $700 per month spousal support, and to maintain medical insurance for her benefit. At the conclusion of trial, the court increased the spousal support to $850 per month, but did not incorporate into the interlocutory judgment the temporary order that husband maintain responsibility for wife's medical expenses. It is reasonable to assume from the record that the court, in increasing the amount of spousal support, took into consideration the cost of medical insurance which wife would now have to acquire.

■ "Although not unlimited, a trial court's discretion is broad in setting the amount of spousal support to be awarded upon dissolution of marriage. [Citations.]" *In re Marriage of Morrison* (1978) 20 Cal.3d 437, 454 [143 Cal.Rptr. 139, 573 P.2d 41]. This court will not interfere in the absence of evidence that it has been abused. Abuse is demonstrated if the trial court's discretion exceeds the bounds of reason, taking into consideration all of the circumstances before the court. (*In re Marriage of Andreen* (1978) 76 Cal.App.3d 667, 671 [143 Cal.Rptr. 94].) ■ The trial court's order in the instant matter is not unreasonable under the circumstances, and no abuse of discretion has been demonstrated.

The judgment is affirmed.

Kingsley, Acting P. J., and Amerian, J. concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 20, 1983. Kaus, J., Reynoso, J., and Grodin, J., were of the opinion that the petition should be granted.