THOMAS, Judge.
Aletha Brown Thomas (“the wife”) appeals from a judgment entered by the Montgomery Circuit Court in favor of Brian Thomas (“the brother”) in her action to recover the proceeds of a life-insurance policy owned by John T. Thomas, Jr. (“the husband”). We affirm.

Facts and Procedural History

The husband and the wife were married in 1998. One child (“the child”) was born of the marriage. During the course of the marriage, the husband purchased a $500,000 term life-insurance policy and named the wife as the beneficiary. The policy did not contain any restrictions preventing the husband from changing the beneficiary of the policy. The monthly premiums on the policy were paid from marital funds. In late 2008, the parties separated and the husband filed for a divorce in the domestic-relations division of the Montgomery Circuit Court (“the family court”).
On March 17, 2004, the husband and the guardian ad litem appointed to represent the child jointly moved the family court to, among other things, enter a temporary restraining order (“TRO”) restraining the wife from removing any marital assets from the marital residence. The family court entered a TRO that, in pertinent part, restrained both the husband and the wife from “removing and disposing of any marital asset of the parties.”
After the entry of the TRO, the husband changed the beneficiary of the term life-insurance policy from the wife to the brother. The husband died while the divorce action was still pending in the family court and the TRO was still in effect. The insurance company paid the proceeds of the policy to the brother.
The wife filed an action in the Montgomery Circuit Court (“the trial court”) to recover the proceeds of the life-insurance policy. The wife claimed that the husband had violated the TRO by changing the beneficiary of the life-insurance policy. The wife asked the trial court to impose a constructive trust on the life-insurance proceeds and to declare the wife the true owner of the proceeds. The wife moved the trial court for a summary judgment, which the court denied. The wife then filed a motion for reconsideration, which the court also denied. The trial court also denied a second motion for summary judgment filed by the wife.
On July 8, 2008, the trial court heard evidence ore tenus and entered an order in favor of the brother, finding that because the term life-insurance policy was not a marital asset, the husband did not violate the TRO by changing the beneficiary of the policy. The wife timely appealed to the Alabama Supreme Court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. This court heard oral argument on May 7, 2009.

Issues

The wife presents two issues in her appeal: (1) whether the trial court erred when it held that the husband did not dispose of a marital asset in contravention of the TRO when he changed the beneficiary of the term life-insurance policy; and (2) whether the trial court erred in not imposing a constructive trust for the benefit of the wife on the proceeds of the life-insurance policy.

Standard of Review

The material facts are undisputed. “Because the issues before us involve only the application of law to undisputed facts, our review is de novo.” State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, *348 810 (Ala.2005) (citing Alfa Mut. Ins. Co. v. Small 829 So.2d 743, 745 (Ala.2002); and Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996)).

Analysis

This case presents a question of first impression: whether a party, by changing the beneficiary of a term life-insurance policy, violates a TRO restraining that party from removing or disposing of marital assets. The wife argues that a term life-insurance policy is a marital asset. In support of her argument, the wife analogizes term life-insurance proceeds to un-vested military-retirement benefits, citing Jackson v. Jackson, 656 So.2d 875 (Ala.Civ.App.1995). In that case, a plurality decision, this court held that unvested military-retirement benefits are marital assets, stating “one’s right to retirement benefits is a contractual right, subject to a contingency, and is a form of property.” 656 So.2d at 877. This court also cited approvingly to an opinion of the Court of Civil Appeals of Texas for the proposition that “the possibility of forfeiture did not reduce the [nonvested retirement] benefits to a mere expectancy.” Id. (citing Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App.1968)). However, Alabama courts have long held that the beneficiary of a life-insurance policy does not hold a contingent contract right to the proceeds of the policy during the life of the insured but, instead, has only a mere expectancy. See Stephenson v. Westbrook, 286 Ala. 620, 624, 244 So.2d 569, 572 (1970) (“Where an insured has the right to change the beneficiary of his policy, a beneficiary has no vested right or interest under the policy but only an expectancy which becomes vested only upon the death of the insured.” (citing Flowers v. Flowers, 284 Ala. 230, 224 So.2d 590 (1969))); see also Barfoot v. Barfoot, 245 Ala. 593, 594, 18 So.2d 465, 465 (1944) (“The interests of the named beneficiary in a policy of insurance providing for a change of beneficiary at the will of the insured is a mere expectancy. The right of a named beneficiary, no change having been made in fact or legal effect, becomes a fixed, vested and legal interest, at the death of the insured.”); Wilkerson v. Gallahar, 24 Ala.App. 62, 63, 129 So. 799, 800 (1930) (“Ordinarily, a beneficiary named in a policy of life insurance has a mere expectancy, subject to change without notice by the insured.”); and McDonald v. McDonald, 212 Ala. 137, 141, 102 So. 38, 41 (1924) (“[T]he interest of the named beneficiary in a policy of insurance providing for a change of beneficiary at the will of the insured is a mere expectancy.”).
Other states that, like Alabama, follow the expectancy rule for life-insurance beneficiaries' have held that a term life-insurance policy is not a marital asset. In Metropolitan Life Insurance Co. v. Tallent, 445 N.E.2d 990 (Ind.1983), the Supreme Court of Indiana answered the following certified question from the United States Court of Appeals for the Seventh Circuit:
“ ‘Whether an insured may change the designation of beneficiary of a group life insurance policy during the pendency of a marriage dissolution proceeding in which a temporary restraining order, which restrains the insured from “transferring ... or in any way disposing of any property except in the usual course of business or for the necessities of life,” is in effect.’ ”
Id. at 991. The court held that the TRO in effect in that case did not prevent the husband from changing the designated beneficiary. The court stated:
“In the case at bar, the [wife] had, prior to the change in beneficiary, a mere expectancy in the proceeds. Had there been life-time benefits associated *349 with the policy, such as a cash surrender value, we believe under our statutory definition of property ... [the husband] would have been precluded by the restraining order from exercising those benefits in such a manner as to dispose of their value. However, even in that case, the restraining order would not have acted as a bar to the [husband’s] right to change the beneficiary of the policy.”
Id. at 993.
In Succession of Jackson, 402 So.2d 753 (La.Ct.App.1981), the Louisiana Court of Appeals considered whether a term life-insurance policy was community property. The parties in that case were subject to a restraining order that prohibited both parties from disposing of any community property they had acquired. The husband changed the beneficiary on two of his term life-insurance policies. The husband died while the restraining order was still in effect. The court held that the husband did not violate the terms of the restraining order. The court stated:
“In the matter before us both of the term life insurance policies ... were acquired during the existence of the community between [the wife] and [the husband]. Therefore, ownership of these policies belongs to the community existing between them. As such the community was entitled to all of the lifetime benefits attributable to a term life policy which, upon accrual of the policy as has occurred here with the death of [the husband], amounts to nothing.”
Id. at 757. The court then held, with respect to the term life-insurance policies:
“[The husband] had the authority in those policies to change the beneficiaries. The proceeds of a term policy acquired during the existence of the community do not constitute a community asset, as discussed above, but instead belong to the validly designated beneficiary. ... Not being a community asset, these proceeds did not come within the scope of the injunction protecting the community estate. Accordingly, the injunction was no bar to [the husband’s] policy right to change his beneficiary.”
Id. at 759.
In Lindsey v. Lindsey, 342 Pa.Super. 72, 492 A.2d 396 (1985), the Superior Court of Pennsylvania considered whether a husband had violated a preliminary injunction preventing him from disposing of any marital property when he changed the beneficiary designated of in his life-insurance policies. The court held:
“[W]e find that [the wife’s] interest as a beneficiary was nothing more than an expectancy. Her interest in the policies themselves was limited to their cash surrender value. Since a change in a beneficiary designation in a life insurance policy is not a conveyance or disposal of a marital asset, [the husband’s] decision to designate [another person] rather than [the wife] as his beneficiary did not violate the lower court’s injunction.... ”
342 Pa.Super. at 79, 492 A.2d at 399.
In Bell v. Bell, 896 S.W.2d 559 (Tenn.Ct.App.1994), the Tennessee Court of Appeals considered whether a husband had violated a restraining order prohibiting the husband from disposing of or removing any marital property or assets when he changed the beneficiary designated in his life-insurance policy. The Tennessee court first noted that “[i]t is settled in Tennessee that [the beneficiary of a life-insurance policy] has no vested right or interest in the policy but rather a mere expectancy.” Id. at 562. The court then reasoned that a restraining order prohibiting the husband in that case from “ ‘removing, selling, mortgaging, transferring, or in any other *350 manner dissipating the property or assets of the parties’ ” was insufficient to prevent the husband from changing the beneficiary of his life-insurance policy. Id. at 564.
The wife in this case next argues that a term life-insurance policy is a marital asset because, she argues, the policy has a present value. In support of this argument, the wife cites In re Marriage of Gonzalez, 168 Cal.App.3d 1021, 214 Cal.Rptr. 634 (1985), in which the California Court of Appeals for the Third District held that a term life-insurance policy had present value and, therefore, was a marital asset. The court reasoned that a term life-insurance policy had value because the policy premiums might be lower than the premiums on a new policy. The court also reasoned that the right to renew the policy had value because the insured might have become uninsurable and, therefore, unable to obtain coverage at all.
California courts are split on the question of whether a term life-insurance policy is a marital asset. In In re Marriage of Lorenz, 146 Cal.App.3d 464, 194 Cal.Rptr. 237 (1983), the California Court of Appeals for the Second District held that term life-insurance was not marital property. That court reasoned that, “unlike whole life insurance, term life insurance is generally accepted as having no value, since once its term has expired it is worthless.” 146 Cal.App.3d at 468, 194 Cal.Rptr. at 239. The court went on to hold that “[t]he proceeds or benefits of the [term life-insurance] policy, of course, have a value. However, until those benefits are payable, the policy itself is worthless.” 146 Cal.App.3d at 468, 194 Cal.Rptr. at 239-40.
In Estate of Logan, 191 Cal.App.3d 319, 236 Cal.Rptr. 368 (1987), the California Court of Appeals for the First District analyzed and rejected the holding in Gonzalez, noting that, in reaching its holding, the Gonzalez court had “assumed [that] ‘undoubtedly the premium rate was very favorable’ and [that the] ‘husband was not required to establish medical eligibility for coverage,’ and [had] concluded, ‘We are confident the same policy today, assuming the husband is still insurable, would cost considerably more.’ ” Logan, 191 Cal.App.3d at 325, 236 Cal.Rptr. at 371. The Logan court then noted that there was no evidence cited in Gonzalez to support those assumptions. In this case, we similarly find no evidence in the record to support a conclusion that the husband had become uninsurable or that a replacement policy would have higher premiums. Thus, it would be purely speculative to determine that a term life-insurance policy has present value, and, thus, is a marital asset, on these grounds.
Because Alabama courts consider a beneficiary’s interest in the future proceeds of a life-insurance policy a mere expectancy, we are persuaded by the opinions of the courts of other jurisdictions that also follow that rule. We also find the reasoning expressed in Lorenz and Logan more consistent with this view of life insurance proceeds than the reasoning in Gonzalez. Thus, a term life-insurance policy is not a marital asset. As a result, the husband in this case did not violate the TRO, and the trial court’s judgment is due to be affirmed.[1]

Conclusion

A term life-insurance policy is not a marital asset. Thus, the husband did not violate the TRO that prevented the remov *351 al or disposal of marital assets.[2] Therefore, we affirm the judgment of the trial court.
AFFIRMED.
PITTMAN, J., concurs.
THOMPSON, P.J., concurs in the result, with writing, which MOORE, J., joins.
BRYAN, J., dissents, with writing.

. Because we affirm the trial court's judgment determining that the husband did not violate the TRO, we do not need to address the issue whether the trial court should have imposed a constructive trust on the life-insurance proceeds.

. We note that it is well within the power of a trial court to include in a TRO a requirement that a spouse maintain or obtain a life-insurance policy with the other spouse named as beneficiary, if requested. However, in this case, there was no such request and the TRO did not contain any such requirement.