Filed 5/1/23  Kassab v. Kachi CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JOANDARK KASSAB, | D079954 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2016-00026336-CU-FR-CTL) |
| NABIL N. KACHI et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Requests for judicial notice denied.  Affirmed.

Joandark Kassab, in pro. per, for Plaintiff and Appellant.

Law Office of Quintin G. Shammam and Quintin G. Shammam for Defendants and Respondents.

Joandark Kassab appeals from a summary judgment in her action to set aside an alleged fraudulent conveyance of real property and a policy of term life insurance. Defendants offered admissible evidence showing that she was not injured because (1) the secured debt on the property exceeded its value, and (2) the unmatured life insurance had no cash value. Because Kassab offered no evidence to create a triable issue on the essential element of injury, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2012, Kassab contracted with a company owned by Nabil Kachi, Hatra Engineering and Construction, to build retail and office space. After disputes between them arose, an arbitrator awarded Kassab $142,382.

In 2014, about a week before the arbitration award was issued, Kachi quitclaimed a single-family residence (the Property) to his son, Nadeem "as trustee" of the Kachi Family Irrevocable Trust. The deed was notarized on October 4, 2014, which the parties call the "Transfer Date."[2] At that time the Property was encumbered by two deeds of trust totaling $933,000. Kachi also owned a $200,000 term life insurance policy. In October 2014, he transferred it to the Kachi Irrevocable Life Insurance Trust.

---

[1] The "Statement of Facts" in Kassab's opening brief does not contain any record citations. Accordingly, the facts are drawn from our independent review of the record and the respondents' brief. (See Cal. Rules of Court, rule 8.204(a)(2)(C) [appellant's opening brief must provide a summary of significant facts "limited to matters in the record"; see also rule 8.204(a)(1)(C) [each brief must support any reference to a matter in the record by citation to the volume and page number of the record where the matter appears].)

[2] "The inquiry of whether any harm has been done is viewed retroactively to the point of transfer, not forward looking of what equity there is after the transfer." (*Goldman v. Dardashti* (*In re Melamed*) (Bankr. C.D.Cal. 2021) 634 B.R. 361, 370.)

At the end of 2014, the superior court confirmed the arbitration award and entered a $148,877 judgment in Kassab's favor against Kachi.[3]

About two years later, Kassab filed a complaint against Kachi alleging that his transfer of the Property and the life insurance were fraudulent conveyances.[4] The operative first amended complaint alleges three causes of action: (1) fraudulent conveyance of the Property and life insurance; (2) "constructive" fraudulent conveyance; and (3) conspiracy to "hinder, delay and defraud" Kassab "in the collection of the arbitration award."

A fraudulent transfer may be set aside only by one who is injured by the transfer. And a creditor suffers no injury if the property's encumbrances exceed its value. (See *Fidelity National Title Ins. Co. v. Schroeder* (2009) 179 Cal.App.4th 834, 842.) Invoking this principle, Kachi[5] moved for summary judgment on the grounds that Kassab could not establish an essential element of her case, injury. In support of the motion, two appraisals of the Property showed that its fair market value was $740,000 to $778,000 on the transfer date. In light of the negative equity, Kachi asserted Kassab suffered

_____

[3] Kassab's request for judicial notice of the arbitration award, judgment, and grant deed is denied as moot because these documents are already in the augmented record on appeal. Her two requests for judicial notice of a judgment lien and writ of execution are denied because these documents are not relevant to any issue on appeal. (See *Appel v. Superior Court* (2013) 214 Cal.App.4th 329, 342, fn. 6 [judicial notice denied where materials are not relevant or necessary to the court's analysis].)

[4] Kachi's wife, Nour, as well as Nadeem Kachi, as trustee of the two trusts, were also defendants. Hereafter, references to "Kachi" include all the named defendants unless the context indicates otherwise.

[5] Nabil Kachi died in July 2019. The motion was brought "by and through his successor-in-interest, Nour Kachi" and by Nadeem Kachi, as trustee of the two trusts.

no injury because the transfer did not put beyond her reach an asset that otherwise would be available to pay the judgment. As to the term life policy, Kachi maintained that on the transfer date it was unmatured and, therefore, had no value.

Kassab submitted no admissible evidence in opposition. Citing a real estate website, she claimed the Property was worth at least $1.2 million. Her opposition referred to an exhibit showing a $1,223,000 appraisal—but the exhibit number was blank, and it was never filled in:

> conveyance. Other assessments and valuations after remodeling / renovation are considered the Plaintiff has evidence to support a value on the property of $$1,223,000 Million. (SEE EXHIBIT __) This dispute of material fact must be tried.

After conducting an unreported hearing, the trial court granted summary judgment. It determined that "[d]efendants have met their burden to show the fair market value of the [Property] at the time of the transfer by [Kachi] was less than the amount owed on the property," and Kassab offered no evidence of value as of the date of transfer. The court also ruled that the life insurance policy had no value because Kachi was alive on the date of transfer and "term life insurance is generally accepted as having no value, since once its term has expired its worthless." Because the two fraudulent conveyance causes of action failed, so too did the conspiracy claim.

## DISCUSSION

A.    *Appealability*

In a self-represented filing, Kassab purported to appeal from orders (1) granting summary judgment; (2) taking her motion for reconsideration off calendar; (3) denying her motion for reconsideration; and (4) denying her request for a statement of decision. Shortly after the appeal was docketed,

4

we notified the parties that none of these were appealable orders. We subsequently allowed the appeal to proceed, notifying the parties that appealability may be addressed in the merits briefs.

Especially given Kassab's self-represented status, we construe the order granting summary judgment to include an appealable judgment, and the notice of appeal to adequately identify it. (See *Mitchell v. Los Robles Regional Medical Center* (2021) 71 Cal.App.5th 291, 296, fn. 2.) Kachi does not contend otherwise.

B.  *The Court Correctly Granted Summary Judgment Because the Undisputed Evidence Established That Kassab Suffered No Injury, Even If the Transfers Were Done with Fraudulent Intent.*

The Uniform Voidable Transfers Act (Act) (Civ. Code, § 3439 et seq.) permits defrauded creditors to reach property in the hands of a transferee. (See *Fidelity National Title Ins. Co. v. Schroeder* (2009) 179 Cal.App.4th 834, 840.) But to constitute a fraudulent transfer, the debtor must have disposed of an "asset." (Civ. Code, § 3439.01, subd. (m).) By statutory definition, "asset" does not include property "to the extent it is encumbered by a valid lien." (*Id., §* 3439.01, subd. (a)(1).)

Thus, if valid encumbrance(s) on the property exceed its value, then the transferred property is not an "asset." If the transferred property is not an "asset" within the meaning of the Act it cannot be set aside, no matter how fraudulent the debtor's intent. The rationale is that a creditor is not injured by a transfer unless the property otherwise would be " 'subject to the payment of [the] debt.' " (*Mehrtash v. Mehrtash* (2001) 93 Cal.App.4th 75, 80 (*Mehrtash*).) This rule applies to both a common law action to set aside a fraudulent conveyance as well as to one under the Act. (See *Berger v. Varum* (2019) 35 Cal.App.5th 1013, 1020.)

5

We review the trial court's grant of a motion for summary judgment independently to determine "whether triable issues of fact exist to reinstate the action." (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) We look to the evidence before the trial court (*Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 716–717), construing the opposing party's submissions liberally and applying stricter scrutiny to the moving party's evidence, resolving doubts in favor of the former. (*Wiener*, at p. 1142.) When a defendant moves for summary judgment and demonstrates that the plaintiff cannot establish an essential element of a claim, the burden shifts to the plaintiff to show that a triable issue of fact exists as to the challenged element. (*Hanson v. Grode* (1999) 76 Cal.App.4th 601, 604.) If the plaintiff fails to do so, " 'no amount of factual conflicts upon other aspects of the case will affect the result and the motion for summary judgment should be granted.' "[6] (*Willard v. Hagemeister* (1981) 121 Cal.App.3d 406, 415–416.)

Here, there is no dispute that Nabil transferred the Property to the family trust when an adverse arbitration award was apparently imminent. For purposes of summary judgment, that alone is likely sufficient to create a triable issue of fraudulent intent. But the key question remains: Was there substantial evidence from which a jury could conclude that the Property was an "asset."

Kachi submitted declarations of licensed real estate appraisers showing the Property's fair market value on the transfer date was $740,000 to

---

[6] Kassab asserts the law favors trial on the merits and summary judgment is a "drastic" procedure. All true, but " 'it is also true "[j]ustice requires that a defendant be as much entitled to be rid of an unmeritorious lawsuit as a plaintiff is entitled to maintain a good one." ' " (*Conte v. Wyeth, Inc.* (2008) 168 Cal.App.4th 89, 97.)

$778,000.  They also showed that as of the transfer date, the balance on the first deed of trust was $827,923 and the second was approximately $105,833.

With the moving parties having offered admissible evidence that the Property was not an asset under the Act, on summary judgment the burden shifted to Kassab to present admissible evidence raising a triable issue of fact to the contrary.  (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  She failed to do so.  Although Kassab repeatedly asserted that the Property's value was $1,223,000, she submitted no declaration, no appraisal, nor any other admissible evidence to support such a finding.  Her eight-page list of "Disputed Material Facts" contests nearly every issue in the underlying case—but it refers to *no admissible evidence* on any of them.

Summary judgment is an *evidentiary* proceeding designed to "pierce" mere allegations to determine whether a trial "is truly necessary to resolve the dispute between the parties."  (*Jordan v. City of Sacramento* (2007) 148 Cal.App.4th 1487, 1492.)  Thus, although Kassab asserts "there were no fewer than forty (40) disputed material facts," she overlooks that her bare assertion a fact is disputed does not make it so.  The whole point of summary judgment is to get behind naked contentions to determine if they are supported by admissible evidence.  Kassab is correct that in ruling on the motion, "the declarations of . . . the opposing party are liberally construed." But here, there was nothing for the trial court to construe, liberally or otherwise, because she submitted no declaration or any other admissible evidence on the valuation issue.  Accordingly, the trial court correctly granted summary judgment.  (See *Mehrtash, supra*, 93 Cal.App.4th at p. 81 [concluding that the plaintiff "produced no evidence that the value of the property could support any net recovery for her in the event the conveyance were set aside"].)

The court also correctly granted summary judgment against Kassab with respect to the transfer of the life insurance policy. Term life insurance pays upon the contingency of the insured's death during the term of the policy. (*In re Marriage of Spengler* (1992) 5 Cal.App.4th 288, 295.) Unlike whole life insurance, term insurance is generally regarded as having no value because once its term has expired it is worthless. (*In re Marriage of Lorenz* (1983) 146 Cal.App.3d 464, 468.) Moreover, even if it did have value during the insured's life, an ownership interest in an unmatured term life insurance policy is exempt from the reach of creditors. (Code Civ. Proc.,[7] § 704.100, subd. (a).)[8]

C.   *The Summary Judgment is Not a Collateral Attack on the Arbitration Award*

Citing the general rule that judicial review of arbitration awards is extremely limited, Kassab contends that anyone who "hinders [her] from enforcing her judgment is evidently in contempt" of the underlying judgment. As we can best understand it, she claims that because dismissing her fraudulent conveyance action impedes her ability to collect on a final judgment, it is tantamount to an attack on the judgment confirming the arbitration award itself. The argument fails, however, because summary judgment against her on the fraudulent conveyance action does not affect the validity of the underlying arbitral judgment. If there are other assets properly subject to her claim as judgment creditor, nothing in the summary judgment precludes her from attempting to satisfy her judgment from them.

---

[7]   Undesignated statutory references are to the Code of Civil Procedure.

[8]   "Unmatured life insurance policies (including endowment and annuity policies), but not the loan value of such policies, are exempt without making a claim." (§ 704.100, subd. (a).)

D.    *The Court Properly Granted Summary Judgment on the Third Cause of Action for Civil Conspiracy*

Kassab's third cause of action is entitled "Conspiracy." It alleges that defendants "knowingly and willingly conspired between themselves to hinder, delay, and defraud [Kassab] in the collection of the arbitration award and [her] judgment . . . ." Conspiracy, however, is not a cause of action, but rather a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in carrying it out. " 'Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort. [Citation.] [It] cannot be alleged as a tort separate from the underlying wrong it is organized to achieve.' " (*Moran v. Endres* (2006) 135 Cal.App.4th 952, 954–955.)

Because the trial court correctly granted summary judgment in favor of defendants on the substantive causes of action, the conspiracy claim necessarily fails as a matter of law. (See *Richard B. LeVine, Inc. v. Higashi* (2005) 131 Cal.App.4th 566, 574 [" 'A civil conspiracy however atrocious, does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage' "].)

E.    *The Trial Court Was Not Obligated to Issue a Statement of Decision*

Section 437c, subdivision (g) requires the court to provide a "statement of reasons" for its determination to grant a motion for summary judgment.[9]

---

[9]    "Upon the grant of a motion for summary judgment on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of and, if applicable, in opposition to the motion that indicates no triable issue exists. The court shall also state its

9

Here, the court complied with this requirement by issuing a two-page single-spaced explanation of its ruling. It discussed the evidence (e.g., "[t]wo appraisals were submitted by defendants"), the law (e.g., citing *Mehrtash*, *supra*, 93 Cal.App.4th 75), and the application of law to evidence (e.g., "the court may only consider the value at the time of the transfer").

Nevertheless, Kassab contends that the trial court erroneously denied her request to prepare a statement of decision under section 632. A statement of decision, however, is required only "upon the trial of a question of fact by the court." (*Ibid*.) Here, the trial court did not conduct a trial on a question of fact. Indeed, the opposite occurred—the court concluded there was no evidence creating a triable issue of fact. Accordingly, the court was not required to prepare a statement of decision.

The trial court filed a written specification of reasons for granting the motion. Nothing more was required.

F.    *Any Issues Involving a Surviving Spouse's Community Property Interest Are Outside the Pleadings and Were Not Required to Be Negated.*

Relying on Probate Code provisions involving a spouse's obligation to pay certain debts, Kassab contends that Kachi's surviving spouse, Nour, is legally responsible for some or all of the arbitral judgment. A defendant moving for summary judgment, however, is only obligated to negate the plaintiff's theories of liability as alleged in the complaint and need not refute "liability on some theoretical possibility not included in the pleadings." (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493.) Because Kassab's complaint does not allege any theories of liability other

—————————————

reasons for any other determination. The court shall record its determination by court reporter or written order." (§ 437c, subd. (g).)

than fraudulent conveyance of the Property and the insurance policy, neither Kachi nor the trial court were obligated to consider any additional theories.

G.    *No Request for a Continuance Was Made in the Trial Court, and in Any Event, the Issue Cannot Be Raised for the First Time in the Reply Brief.*

For the first time in her reply brief, Kassab contends that the trial court should have continued the hearing to afford her an opportunity "to correct any deficiencies" in her response to Kachi's separate statement of disputed material facts  The record, however, does not indicate that Kassab asked for a continuance.  Moreover, " ' " 'points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' " ' " (*High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 111, fn. 2.)

In any event, Kassab lost the summary judgment motion for lack of admissible evidence, not because of any procedural deficiencies in her papers. Thus, even assuming the court somehow erred in not continuing the hearing on its own motion, there was no prejudice.

DISPOSITION

The judgment is affirmed. Respondents are entitled to costs on appeal.


DATO, J.

WE CONCUR:



O'ROURKE, Acting P. J.



IRION, J.